SALT LAKE CITY, RESPONDENT, v. MARY RED-
WINE, APPELLANT.

APPEALS.—JUSTICE'S COURT.—LEGISLATIVE POWER.—Section 5380,
2 Comp. Laws, 1888, provides that appeals from justices of the
peace shall not be effectual unless appellant cause the papers to
be filed in the district court within thirty days after the appeal
is perfected, and Section 3027, 2 Comp. Laws, 1888, gives courts
of record power to make rules, and Section 5457, of the same
volume, authorizes the collection of a jury fee from the appel-
lant in each case appealed: *held*, that the above enactments are
valid and not in conflict with the Poland bill, an act of Con
gress approved June 23d, 1874.

ID.—ID.—RULE OF COURT.—A rule of court of the third district
court provided that in all cases from county and justices' courts
to the district court of the third judicial district, the appellant
within thirty days after the receipt by the clerk of the papers
in the case, shall pay to the clerk the lawful fees for filing and
docketing the same, and also the jury fee, and if appellant fail to
so docket his appeal the respondent may advance the fees,
docket the case and have it dismissed: *held*, that the rule of
court was authorized by the provisions of law herein quoted.

APPEAL from an order of the district court of the
third district dismissing an appeal, and from an order
refusing to reinstate upon the docket the said appeal.

The section of the Poland bill to which reference is
made is as follows: "From all final judgments of justices
of the peace an appeal shall be allowed to the district
courts of their respective districts, in the same manner as
is now provided by the laws of said Territory for appeals
to the probate courts, and such appeal shall vacate the
judgment appealed from and the case shall be tried *de
novo* in the appellate court."

The sections of the Utah Statutes then in force on the
subject were: "Section 579. Any party dissatisfied with
a judgment rendered in a justice's court may appeal there-
from to the probate court for the county any time within
thirty days after the rendition of judgment: *provided*,.

that no appeal shall be taken for a sum less than twenty dollars. The appeal shall be taken by filing a notice thereof with the justice, and serving a copy on the adverse party."

Section 580 provides that all causes so appealed shall be tried anew in the probate court, and the probate court may regulate by rule the practice in such cases, in all respects not provided for by statute.

Section 581 requires a justice to transmit papers on payment of his fees.

Section 582 requires an undertaking for costs to be filed and also an undertaking to stay the judgment.

*Mr. Samuel H. Lewis* for the appellant.

*Messrs. Richards and Moyle* for the respondent.

ZANE, C. J.:

The appellant was convicted by the judgment of a justice of the peace of keeping a house of ill fame contrary to an ordinance of Salt Lake City; and within thirty days thereafter she filed with thé magistrate the necessary affidavit and undertaking for an appeal to the district court, and delivered the papers in the case to its clerk, but failed to pay the costs of filing the papers and docketing the case, or the jury fee, and for that reason the clerk refused to file the papers and docket the appeal. The respondent, after more than thirty days from the time the papers were left with the clerk, advanced the necessary fees, and had the papers filed and the case placed on the docket, and then, on motion of respondent's attorney, the court dismissed the appeal. Afterwards the appellant moved the court to reinstate the appeal, and filed an affidavit in which she alleged that she was innocent of the offense of which she was found guilty, and that she intrusted the appeal to one Chester How, her attorney, and that he neglected to have the papers filed and the cause docketed, but the court overruled the motion; and the appellant insists that each of these orders was erroneous.

Section 5380, 2 Compiled Laws Utah, 1888, provides

that appeals from justices of the peace of criminal cases " shall not be effectual for any purpose whatever unless the party taking the appeal shall cause the papers in the case to be filed in the district court within thirty days after the appeal is perfected. In case the party taking the appeal neglects to have the papers filed in the district court, within thirty days next after the appeal is perfected, then the other party to the suit may have the papers filed, and shall be entitled to an order dismissing the appeal, and may at once proceed to obtain execution of the judgment of the justice's court." And section 3027 of the same volume declares that " Every court of record may make rules not inconsistent with the laws of this territory for its government and the government of its officers, but such rules must neither impose any tax or charge upon any legal proceeding, nor give any allowance to any officer for service." And Section 5459 of the same volume is as follows: " The plaintiff in each civil action, except equity cases where a jury is not required, and the appellant in each civil case appealed to the district court, shall respectively, before his complaint or appeal papers are filed, deposit with the clerk of said court the sum of three dollars, which shall be known and designated as the 'jury fund;' provided that the term 'civil action' in this section shall apply to and include all actions where a municipal corporation is a party beneficially interested; provided, further, that in case judgment is rendered in favor of such plaintiff, or appellant, said amount may be taxed as costs, and collected as other costs in the action." There is also a rule of the district court of the third judicial district applicable to appeals from justices' courts of civil cases as follows: " In all cases hereafter appealed from county and justices' courts to the district court of the third judicial district the appellant, within thirty days after the receipt by the clerk of the papers in the case, shall pay to the clerk the lawful fees for filing and docketing the same, and also the jury fee provided by law; and, if the appellant fail to so pay said fees and docket his appeal, the respondent may advance fees, and have such appeal docketed and dismissed." And there is a similar

rule of the same district court in criminal cases with this additional provision in case the appellant is unable to pay such fees: "Such appellant shall, within thirty days after receipt of papers·on appeal by the clerk, file a sufficient affidavit stating that he is unable to pay the lawful fees for filing said papers and docketing said cause, and upon the receipt of such papers and affidavit the clerk shall file the same and docket the cause."

Section 5380 above quoted does not prevent appeals. Its purpose is to secure promptness on the part of litigants, and to facilitate business. The end sought is a rightful subject of legislation. And Section 3027 above quoted authorizes the court to adopt reasonable rules of practice. The authority to adopt such rules is among the usual subjects of legislation. Section 5459 authorizes the collection of a jury fee and its taxation as cost. It requires its payment at the time of instituting the suit, or the filing of papers on appeal. This is clearly a rightful subject of legislation. The rules of court quoted are authorized by the provisions of law above referred to, and were designed and adapted to prevent unnecessary delays in the administration of justice. The law makes it the duty of the party taking the appeal, before filing his papers, to deposit with the clerk the jury fees, and the fees for filing the papers and placing the case on the docket are also due at the same time, and the clerk has a right to demand them before rendering the service. Before the adoption of the rule quoted above, parties would often take appeals and leave the papers with the clerk without paying them, and without having the case docketed so as to bring it to the attention of the court, and in that way they would secure delay, and sometimes defeat the collection of just debts. The provisions of law above quoted are not in conflict with "an act of congress in relation to the courts and judicial officers in the Territory of Utah," in force June 23, 1874. We hold that their scope is within the legislative competency of the legislature of this Territory. The case of *Westcott* v. *Eccles*, 3 Utah, 258, 2 Pac. Rep., 525, cited by appellant's counsel, was decided before the enactments of the legislature above mentioned took effect,

or the rule above quoted was made; and that decision is. overruled so far as it conflicts with this opinion.

HENDERSON, J., and BLACKBURN, J., concurred.