R. J. LEGG AND OTHERS, RESPONDENTS *v.* JOHN LARSON, APPELLANT.

SUPREME COURT COMMISSIONER.—APPEAL.—RULE OF COURT.—The Commissioners of the Supreme Court of the Territory of Utah, in the matter of appeals from their courts to the district courts, are subject to the rule of the district court applying to appeals from courts of justices of the peace, and a rule of the district court providing that in all cases from county and justices' courts to the district courts, the appellant shall within thirty days after the receipt by the clerk of the papers in the case, pay to the clerk the lawful fees for filing and docketing the same and also the jury fee, and if appellant fail to so docket his appeal the respondent may advance the fees, docket the case, and have the same dismissed, applies to appeals from Supreme Court Commissioners and is valid; affirming *Salt Lake City* v. *Redwine,* 5 Utah, 335.

APPEAL from an order of the district court of the third district dismissing an appeal from a Supreme Court Commissioner, and also from an order refusing to reinstate the appeal. The opinion states the facts.

*Messrs. Hoge and Burmester,* for the appellant.

*Messrs. Stephens and Schroeder,* for respondents.

MINER, J.:

The record in this case shows that on March 17, 1890, a money judgment was obtained by the plaintiff and respondent against the defendant and appellant before United States Commissioner Norrell, at Salt Lake City, for $218.75, with costs, and that on the 19th day of March, 1890, an appeal was duly taken from such judgment by defendant to the third district court, and the court files and transcript of the commissioner were lodged in the clerk's office of said district court with the clerk thereof, but were not filed by such clerk, but simply indorsed thereon the words, "Received March 19th, 1890," and put away in the pigeon-hole. That on the 21st day of April, 1890, on an *ex parte* application of plaintiffs, and without the knowledge of the defendant's attorney, an order was obtained in said court dismissing such appeal for the reason that the sum of eight dollars, clerk and jurors' fees, had not been paid to the clerk of said court within 30 days after the appeal papers therein had been lodged with the clerk thereof, as provided by the rules of said court. That on the 15th day of May, 1890, a motion of defendant and appellant, duly noticed, was heard in said court, based on affidavits of defendant and Theodore Burmester, presenting a state of facts tending to show mistake, inadvertence, or negligence on the part of the defendant in failing to pay the docket fee provided by the rules of the third district court, and asking to have the order of dismissal vacated, and the appeal reinstated, which motion was denied by the court, an appeal was taken to this court from each of said orders, and the errors assigned are: "(1) That the court erred in making the order dismissing the appeal, there

being no statute authorizing such dismissal, and the organic act expressly gives the right of appeal and a trial *de novo* in the appellate court; (2) that the court erred in refusing to set aside the order of dismissal and reinstate the case."

The record in this case presents substantially the same questions as were presented to this court March 1, 1890, in the case of *Salt Lake City* v. *Redwine*, 6 Utah, 335, 23 Pac. Rep. 756, where the learned chief justice ably reviews the same questions presented here, and we see no reason for disturbing that decision. The reasoning in that case is applicable in this. The ground of the order dismissing the appeal in this case, and the refusal of the court to set aside such order of dismissal, and reinstate the case, were matters resting in the sound discretion of the trial court, and the record in the case presents no good reason for reviewing that discretion. The order and decision of the third district court are affirmed, with costs.

ANDERSON, J., and BLACKBURN, J., concurred.