RITTA HYNDMAN, Respondent, *v.* MARY J. STOWE, Appellant.

JUSTICES OF PEACE.—TITLE REAL PROPERTY.—Under Section 3543, 2 Comp. Laws of 1888, justices of the peace can hear evidence as to possession of real property where the action is for forcible entry and detainer and jurisdiction of such actions is conferred by statute.

APPEAL.—JUSTICE'S COURT.—DISMISSAL.—Where the district court refused to dismiss an appeal from a justice's court on account of failure to file in time, and the record was silent as to whether or not the rules governing such appeals had been complied with, *held* that such action of the district court would not be disturbed.

PRACTICE. — GENERAL NON-RESIDENT GUARDIAN. — GUARDIAN AD LITEM.—Where the action was begun in a justice's court by a general guardian appointed in the State of Montana and afterwards where the cause after trial in the justice's court had been appealed to the district court, there a guardian *ad litem* was appointed, *held* that, although the non-resident guardian could have maintained the action in both courts, the change made in the district court was valid.

PUBLIC LANDS. — SCHOOL LANDS. — NON-RESIDENTS. — While school lands are segregated from the public domain and no title can be acquired thereto, yet possession may be held of them by one intending to obtain title as soon as that can be done, and such possession can be maintained in favor of a non-resident by an agent or tenant and may be devised by will.

POSSESSION.—ACTUAL OCCUPANCY.—ENCLOSURE.—Actual occupancy is necessary to a possessory title, but it may be evidenced by an enclosure and maintained by an agent or tenant.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial, Hon. James A. Miner, judge. The opinion states the facts, except the following:

On the trial in the commissioner's court, defendant obtained judgment and plaintiff appealed. Upon the trial in the district court plaintiff obtained judgment. The action was brought by the general guardian in the commissioner's court, but before the trial in the district court a guardian *ad litem* was appointed by the court. Section 9 of the organic act provided, " that justices of the peace shall not have jurisdiction of any matter in controversy when the title or boundaries of land may be in dispute." This was re-enacted in section 1867, Revised Statutes of the United States. Section 3 of the Poland bill, June 23, 1874, provided that " the district courts shall have exclusive original jurisdiction in all suits or proceedings in chancery, etc., and in all controversies where the title, possession or boundaries of land shall be in dispute, except in actions for forcible entry or forcible and unlawful detainer." Section 3021, 2 Comp. Laws, 1888, granted justices' courts concurrent jurisdiction with district courts "in actions of forcible entry, forcible detainer or unlawful detainer, where the whole amount of the rent and damages claimed is less than three hundred dollars." *Quære,* is this last Utah statute within the terms of the Poland bill? Is "forcible and unlawful detainer," the same as "forcible detainer or unlawful detainer?" The *proviso* in section 3543, 2 Comp. Laws 1888, is: " Provided, that in cases of forcible entry and detainer, of which justices' courts have jurisdiction, any evidence otherwise competent, may be given and any question properly involved therein, may be determined." The statutes of the Territory at sections 3786, 3787, 3788 provide what is a forcible entry and what is a forcible detainer, and then provide what is an unlawful detainer, which consists in holding over after notice to quit, provided for by statute. This statute was passed in 1884, ten years after the Poland bill, which was passed June 23, 1874.

*Messrs Maloney and Perkins,* for the appellant.

*Mr. H. W. Smith and Mr. Jesse B. Barton,* for the respondent.

BARTCH, J.:

This was an action of forcible entry and detainer tried in the first district court on an appeal from a commissioner's court. The action was brought to recover possession of certain real property situate in this Territory, the plaintiff and her guardian being residents of the state of Montana. It is alleged in the complaint that for more than five years previous thereto the plaintiff was entitled to and was in the peaceable and actual possession of a part of the S. E. ¼ of section 16, township 6 N., range 1 W., Salt Lake meridian; that on or about the 20th day of March, 1891, during the absence of the plaintiff, the defendant unlawfully entered upon said lands, premises, and tenements, and took forcible possession thereof, and ever since has forcibly retained the same; and that on the 2d day of April, 1891, the plaintiff, by her guardian, made a demand in writing upon the defendant to deliver up possession, etc. The defendant admitted that she was in possession of the premises, but claimed that she was there of right, and with lawful authority. After the trial the jury returned a verdict in favor of the plaintiff. The defendant then moved for a new trial, which motion was overruled, and thereupon she appealed to this court.

Counsel for defendant claim that this was an action affecting the possession of real estate, and that the United States commissioner, before whom the action was brought, had no jurisdiction, and therefore the district court erred in not dismissing the appeal on application. While commissioners, who have the same power in such cases as justices of the peace, cannot try the title to real property,

yet, under the provisions of section 3543, Comp. Laws
Utah 1888, they may, in actions of forcible entry and
detainer, of which they have jurisdiction, determine ques-
tions relating simply to the possession of real property.
Neither party in this case claims the title, but only the
possession, of the property, and therefore the district court
had jurisdiction on appeal.

Counsel further insist that the papers in the appeal from
the commissioner's court were not filed in the district
court within the time required by law, and hence the
appeal should have been dismissed. From the record it
appears that the verdict in the commissioner's court was
rendered on the 12th day of May, 1891, and the appeal
perfected on the 11th day of June, 1891. The appeal was
thus perfected within 30 days from the rendition of the
verdict, which is the time allowed under section 3657,
Comp. Laws Utah 1888, within which to appeal from a
justice's or commissioner's court to a district court. So
far the appeal is regular, and it does not appear from the
record when the papers were transmitted to the clerk of
the district court, nor does it appear therefrom how much
time is allowed, by the rules of the first district court,
within which to pay the docket and jury fees, and have
the papers filed in the clerk's office. The burden is upon
the appellant to show that the rules of the court were not
complied with, and, the record being silent as to that,
this court will presume that the proceeding in this respect
was regular. District courts have power to make proper
rules, and, when made, they apply to appeals from United
States commissioners. *Legg* **v.** *Larson,* 7 Utah, 110, 25
Pac. Rep. 731.

The most material question which has been raised in
this case is as to whether or not a non-resident guardian
can maintain a possessory right for his ward, who is also
a non-resident, through an agent, on land situate within

this Territory; the same being school lands, and the title to which is still in the United States. Counsel for appellant contend that a non-resident guardian can maintain no such possessory right, and that a non-resident minor cannot maintain an action in this Territory to recover possession of such land. It appears from the evidence, in substance, as disclosed by the record, that the defendant took possession of the land in 1880, at the instance of her mother, who appears to have bought the right; that they made some improvements thereon, and her mother married Hans Knudson, and sold the right to him; that Knudson held possession and made improvements until about 1885, when he appointed one F. A. Miller agent of the property, by general power of attorney, and moved to Montana; that said Miller, as such agent, leased the property to Hyrum Stowe, husband of defendant, who held possession and farmed the land under a lease from Knudson until the 1st of January, 1888, and after that said Miller rented it to two different parties, who held possession until the fore part of March, 1891; that about three days after the last tenants moved out the defendant moved into the house, and took possession of the premises, without the knowledge of the said Miller or the plaintiff; that after said Miller learned of the action of the defendant he demanded possession of her, which she refused; that the said Knudson died testate, leaving a will dated May 28, 1886, which was admitted to probate in Madison county, Mont., and in said will the property in question was bequeathed to the plaintiff herein; that Archibald Hyndman is the father of plaintiff, and was appointed her guardian in the State of Montana; and that said F. A. Miller was appointed guardian *ad litem* by the trial court for the purposes of this suit, and was also the agent of the general guardian. It is apparent that Knudson was in the actual and peaceable possession of the premises, and entitled thereto, up to

the time he moved to Montana; and the question to be determined, in the light of these facts, is as to whether he could maintain such possession through an agent after he had left the Territory, and then bequeath it by his last will so that his legatee, being a non-resident minor, could hold possession through an agent appointed by her guardian. Section 3138, Comp. Laws Utah 1888, relating to the time of commencing actions for the recovery of real property, provides as follows: " When the relation of landlord and tenant has existed between any persons, the possession of the tenant is deemed the possession of the landlord until the expiration of seven years from the termination of the tenancy," etc.

It is clear that under this statute the defendant cannot avail herself of the possession of the premises during the time that she and her husband lived there, and held the same under the lease, nor does it appear that at that time they intended so to do, for at the expiration of their lease they seem to have surrendered them again to the agent. Nor does it appear that the possession of the plaintiff or of her predecessors was at all disturbed until the defendant took the possession of which the plaintiff complains. The above statute does not seem to be limited to parties actually residing within this Territory, and to establish a rule that it is so limited would be to hold that, where a party settled on the public domain, inclosed a parcel of land for a farm, and made valuable improvements thereon, with the *bona fide* intention of purchasing the same whenever a title could be procured from the government, he must be constantly present on such land. This would mean that if at any time he should quit actual occupancy, and lease the land, even for causes beyond his control, he would forfeit all his improvements to the next occupant; and it would be difficult to confine such a rule to non-residents, for the law of agency applies equally to residents and nonresi-

dents. Undoubtedly such a rule in regard to possessory rights of school lands in this Territory would be too severe, and neither reason nor justice would sustain it. Of course, where a party has reduced such land to his possession, and then vacates the same without the intention of returning, or removes therefrom for a considerable length of time without leaving any one in possession for him, this would at least be *prima facie* evidence of intention to abandon it, and the next occupant might acquire a good possessory right; but such are not the circumstances of this case. There is no evidence whatever that the plaintiff, or the parties through whom she claims, ever intended to abandon possession of the premises. The law, no doubt, is well settled that to entitle any one to hold such lands by right of prior possession there must be an actual possession and occupation; a *possessio pedis;* a subjection to the will and control. And such right, as between claimants in good faith, vests in the first occupant, and proceeds from him. It is a property right, which will be protected against any unlawful invasion. The terms "occupation and possession," "*possessio pedis*," etc., however, are not always used in their restricted sense. Possession may be, and usually is evidenced by a substantial inclosure; by cultivation, where the land is fitted for that purpose; or by any appropriate use. After the land has thus been subjected to the will and dominion of the claimant, there seems to be no sound reason why such claimant may not keep control through an agent or tenant. In *Brumagim* v. *Bradshaw*, 39 Cal. 24, Justice Crockett, in delivering the opinion of the court, said:

"The whole theory of a *possessio pedis* rests upon the assumption that the acts of dominion which establish it are such open, notorious acts of ownership as usually accompany the possession of real property, and naturally spring from a claim of exclusive dominion." *Plume* v.

*Seward,* 4 Cal. 95; *Coryell* v. *Cain,* 16 Cal. 573; *Feirbaugh* v. *Masterson,* 1 Idaho, 135. Under the facts and circumstances, as disclosed by the record, we are of the opinion that the parties through whom plaintiff claims were in the actual occupation and possession of the land in question, and having a right of property therein, they could lease it, and maintain their possession through their tenant or agent; that, after the same was bequeathed to the plaintiff by last will, her guardian, though a non-resident, could maintain such possession through his agent; and that the plaintiff had the right to bring her action in the courts of this Territory to recover possession. A father, who is a legal and natural guardian, ordinarily has the right to remove his infant ward to another state, and in such event, the child being powerless, it would seem unreasonable to hold that such property rights would thereby become forfeited. *Wood* v. *Wood,* 5 Paige, 595; *Holyoke* v. *Haskins,* 5 Pick. 20.

Counsel for appellant also contend that the court erred in appointing a guardian *ad litem,* since the general guardian prosecuted the case before the commissioner. Section 4317, being section 13 of chapter 13, relating to guardian and ward (Comp. Laws Utah 1888), provides: "Nothing contained in this chapter affects or impairs the power of any court to appoint a guardian to defend the interests of any minor interested in any suit or matter pending therein." It is plain from this section that the law in relation to the appointment of a general guardian does not interfere with the power of the court to appoint a guardian *ad litem,* and the power in this case seems to have been correctly exercised.

There are numerous other errors assigned, but, in view of what has already been said, they are not deemed material. The judgment of the court below is affirmed.

ZANE, C. J., concurred.