## D. VAN WAGONEN and Another, Respondents, *v.* FRED BARBEN, Appellant.

Appeal.—Dismissal.—Rule of Court.—Where the lower court in dismissing an appeal from a justice's court under the rule requiring the papers on appeal from the justice's court to be filed in the district court within thirty days of their receipt, has passed upon the question of excusable negligence in not filing, the decision of the lower court will not be disturbed by this court on appeal.

Appeal from a judgment dismissing an appeal from a justice's court of the district court of the first district, Hon. H. W. Smith, judge.

*Messrs. Saxey and Edwards,* for the appellant.

They claimed that they had made out a case of excusable negligence under sec. 3256, Compiled Laws of 1888.

*Messrs. Warner and Kenward,* for the respondents.

Miner, J.:

It appears from the abstract in this case that judgment was rendered in favor of the plaintiff in commissioner's court, and that the appellant appealed to the district court, that such appeal papers were deposited with the clerk of the district court on the 23d day of June, 1893, without payment of the docket and jury fee. That on July 25, 1893, the respondent paid the docket and jury fee and had the case docketed and then entered his motion to dismiss the appeal under a rule of said court. Said rule required the appellant to pay such docket and jury fee within 30 days after the receipt of such appeal papers

31

in the district court, and in case of his neglect so to do, the respondent was authorized by said rule to pay such fees without notice to the appellant and have such appeal dismissed.

The appellant claims that the motion to dismiss was prematurely filed, for the reason that the 23d day of July was Sunday and that the 24th of July was a legal holiday, and that therefore the appellant was entitled to all of the 25th of July in which to make such payment. He also claims that he was necessarily out of the county from the time of the appeal to the 25th of July and was therefore excusable for not complying with the rule.

On the 25th day of July, the day following the entry of the motion to dismiss, the appellant tendered the docket and jury fee to the clerk, which he declined to receive, thereupon the motion to dismiss the appeal under the rule of the court was granted.

From this order of dismissal this appeal is taken. This question has been passed upon by this court in *Salt Lake City* v. *Redwine*, 6 Utah, 335; *Legg* v. *Larson*, 7 Utah, 110.

We adhere to the rule laid down in these cases and hold that the appeal was properly dismissed.

The order and judgment of the trial court is affirmed with costs.

ZANE, C. J., and BARTCH, J., concurred.