THE HOLLADAY COAL COMPANY, PLAINTIFF AND APPELLANT v. R. A. KIRKER, CHARLES KIRKER AND FRANK TIDWELL, DEFENDANTS AND RESPONDENTS.

FORCIBLE ENTRY AND DETAINER—PLEADING—COMPLAINT—ALLEGATION OF NOTICE TO SURRENDER—TIME GIVEN—IMMATERIAL. RIGHT TO POSSESSION—HOW PLEAD—UNDER SEC. 3582 R. S. 1898. FORCIBLE ENTRY AND DETAINER FOR PART OF PUBLIC DOMAIN—DESCRIPTION NECESSARY—PRESUMPTION—COMPLAINT WHEN DISMISSED. CONSTRUCTIVE POSSESSION OF PUBLIC DOMAIN—PROOF SUFFICIENT.

*Forcible Entry and Detainer—Pleading—Complaint—Allegation of Notice to Surrender—Time Given—Immaterial.*

In an action for forcible entry and detainer, the exact date at which a notice to surrender the premises was given, is immaterial; plaintiff only being required to aver and prove, that subsequent to the unlawful entry, while defendants were in possession and prior to the commencement of the action, a

notice to surrender was given and refused for three days thereafter.

*Right to Possession—How Plead—Under Sec. 3582 R. S. 1898.*

A plaintiff in an action of forcible entry and detainer under Sec. 3582 R. S. 1898, need never allege his estate or title to the premises, nor, with a few exceptions, is he required to allege his right of possession; an allegation of the ultimate fact that, at the time of the alleged forcible detainer, he was in fact entitled to the possession of the premises described, is sufficient.[1]

*Forcible Entry and Detainer for Part of Public Domain — Description Necessary—Presumption—Complaint When Dismissed.*

In an action for forcible entry and detainer of a part of the unsurveyed public domain, the complaint must contain an actual description of the land claimed, and if such description shall contain a greater area than that allowed by law to any person or association of persons under any circumstances, no conclusion or presumption of lawful possession would exist and the complaint should be dismissed.

*Constructive Possession of Public Domain—Proof Sufficient.*

Under an allegation of the ultimate fact of right to possession it would be sufficient and proper for plaintiff to prove that it is an association of qualified persons under the laws of the United States, actually in possession of a certain coal mine or mines, situated on the described premises, that at least $5,000 has been expended in working and improving such mines; for such showing would give plaintiffs a preference right of entry to 640 acres surrounding such mines and would constitute a constructive possession of such lands.

( Decided June 30, 1899. )

Appeal from the Seventh District Court, Carbon County Hon. Jacob Johnson, *Judge.*

Action of forcible entry and detainer under the statute,

---

[1] *Wilson* v. *Triumph Min. Co.*, 19 Utah, 66. See also, *Hinman* v. *Stowe*, 9 Utah, 27; *Barnes* v. *Cox*, 12 Utah, 47, distinguished.

for a restitution of certain premises and for damages. A motion to strike out and a demurrer to the complaint were sustained and the plaintiff failing to amend, a judgment of dismissal was entered. From that judgment plaintiff appealed. *Reversed.*

*Messrs. Young & Moyle*, for appellants.

The contention of the lower court can certainly not be maintained; for in forcible entry and detainer suits the question of title, or even the legality of the possession is never in issue, and the issue in this case is, was plaintiff peaceably in possession, and did defendants interrupt plaintiff's possession by force or intimidations, etc.? *Brooks* v. *Warren*, 5 Utah 118; *Krevet* v. *Meyers*, 24 Mo. 107; *Olinger* v. *Shepherd*, 12 Gratton, Va. 462; *Reeder, et al.*, v. *Purdy, et ux.*, 41 Ill. 279; *People, ex rel, Gault* v. *Van Nastrand*, 9 Wend., 50 N. Y.; *Nocrosi* v. *Phillipi*, 91 Ala. 299; *Voll* v. *Hollis*, 60 Cal. 569.

There is a broad difference in the purpose as well as in the procedure and issues in an ejectment suit and in a forcible entry and forcible detainer suit. Ejectment is to try title: and plaintiff in an ejectment suit could never win without proving a better title than defendants in possession: while in forcible entry or detainer suits the purpose is to prevent the use of force or intimidating influences likely to cause breaches of the peace, and the issue involved *is not a trial of the right of possession, but merely the trial of a peaceable possession interrupted by force or intimidation.* Sedgwick & Wait, on Trial to Land, 2d Edition, Section 494; *Olinger* v. *Stephens*, 12 Gratton, Va. 462; *Dilworth* v. *Fee*, 52 Mo. 130; *Meyers* v. *Koenig*, 5 Neb. 419.

While plaintiff of course claims that it is the owner and entitled to the possession of the property in question, still

if the defendants were the absolute owners in fee of the property and entitled to the immediate possession of the property at this time, yet if plaintiff, as alleged in the complaint, was in the peaceable possession and was forcibly put out by defendants, plaintiff would be entitled to judgment against the defendants. *Olinger* v. *Stephens*, 12 Gratton, Va. 462, Sedgwick & Wait, on Trial of Title to Land, Second Edition, Section 94; *Tucker* v. *Quimby*, 37 Iowa, 16, and cases cited *supra*.

*Public Domain.* Forcible entry and detainer suits are applicable to the public domain as well as to any other real property. *Olinger* v. *Shepherd*, 12 Gratton, Va. 462, 472; *Cunningham* v. *Green*, 3 Ala. R. 127; *Pettyjohn* v. *Akers*, 6 Yerg. Rep. 448.

By the admitted facts in plaintiff's complaint, plaintiff had men living upon and present, and working upon the property in question at the time of the forcible entry. This is the highest form of possession upon which to found a suit of forcible entry and detainer; since the suit will lie in cases where the person in possession is not present or living upon the land, when there are other evidences of possession. *Jarvis* v. *Hamilton*, 16 Wis. 600; *Olinger* v. *Stephens*, 12 Gratton, Va. 462; *Davidson* v. *Phillips*, 30 Am. Dec. 393, and note at end of case.

*Force.*—The allegations of intimidation, threats and force are full in plaintiff's amended complaint; but to show how liberal the courts are in construing the provisions of the statutes of forcible entry and detainer in the interest of peace and law, we refer to cases holding that "any entry is forcible within the meaning of the law that is made against the will of the occupant." *Reeder et al* v. *Purdy, et ux.*, 41 Ill., 279; *Jarvis* v. *Hamilton*, 16 Wis. 600; *Davidson* v. *Phillips*, 30 Am. Dec. 393; *Evill* v. *Conwell*, 18 Am. Dec. 138; *O'Callaghan* v. *Booth, et al*, 6 Cal. 65.

*The court erred in striking out the fifth cause of action of plaintiff's amended complaint.* Encyclopedia of Pleading and Practice, Vol. 5, page 321, section 6, and cases cited; *Wilson* v. *Smith*, 61 Cal. 209; *Johnson* v. *Railway Company*, 6 Utah, 253.

*Messrs. Rawlins, Thurman, Hurd* and *Wedgewood* for respondent.

Whatever may be said as to the necessity of showing in the plaintiff's complaint, in forcible entry and detainer cases, where the controversy is in respect to lands belonging to private parties, there is no question but that in a controversy respecting the right of possession of the public lands of the United States, that the plaintiff must show, by his pleadings, that he was rightfully in the possession thereof, or entitled to the possession, by virtue of a *bona fide* attempt to obtain the title thereto under some one of the various provisions of the public land laws. *Barnes* v. *Cox*, 12 Utah, 47 (41 P. 557); *Preston* v. *Kehoe*, 15 Cal. 315; *Kelley* v. *Andrew*, 3 Colo. App. 122; *Robinson* v. *Imperial S. M. Co.*, 5 Nev. on pp. 66–7; *Corvell* v. *Cain*, 16 Cal. 573; *Hilbur* v. *Cherry*, 39 Cal. 660; *Cummins* v. *Scott*, 20 Id. 84; *Rice* v. *West*, 33 Pac. 706.

Upon an inspection of the plaintiff's amended complaint it will be readily seen that the motion of defendants to strike out the fifth count was properly sustained, for the reason that the same is identical with the fourth count, with the exception that in the one the date of serving the notice is alleged as April 28th, and in the other as June 4th, of the same year. The exact date being immaterial, it follows that the one is a repetition of the other and subject to the objection of redundancy, and was, therefore, properly stricken out.

ROLAPP, *District Judge.*

The amended complaint in this action contains five counts, each of which, after setting out the fact that plaintiff is a Utah corporation, alleges:

"That at all times hereinafter mentioned, plaintiff had the right of and was well entitled to and was in peaceable and actual possession and occupancy of all those certain premises and mineral claims, tunnels, cabins, and appurtenances connected thereunto, described as follows, to-wit: About six hundred and forty acres of coal lands, located on unsurveyed land of the United States."

Then follows a description of said lands in a general way by natural objects and also a description by approximate meets and bounds, as it is expected the said land will be bounded when surveyed by the government. The complaint then alleges that said lands included tunnels and tunnel sites, and a two-roomed rock cabin located thereon, and "which said premises and rock cabin are the same as were forcibly taken possession of and broken into by said defendants and others on or about the 22d day of April, 1898. That plaintiff and its predecessors in interest took possession of the same on or about the 9th day of January, 1897, posted notices in public places thereon, describing the said premises, and claiming the same and every part thereof, and with men and tools dug tunnels in many places thereon, to-wit: in Tidwell's opening, which is located on the southwestern part of said premises, in Water Canyon, which is located on the southeastern side of said premises; and in Coal Canyon, which is located in the central and northern part of said premises; and in other places thereon; and opened up and built roads and crossings; erected and repaired cabins thereon, made surveys thereof, used and shipped coal therefrom; and at all

times publicly claimed the said premises, and every part thereof; and from and before on or about the said 9th day of January, 1897, and until plaintiff was interfered with as hereinafter set forth, plaintiff and its predecessors had and kept constantly a number of men living on said premises in the cabins erected thereon and working on said roads and in said tunnels."

The complaint further alleges that on or about the 8th day of April, 1898, the defendants, while out of the possession of said premises, entered into and upon said rock cabin and real property, armed with firearms, and by threatening personal violence upon plaintiff and its agents, took possession of the premises over the protest of the plaintiff, and declined to leave after being requested so to do by plaintiff.

The second cause of action alleges substantially the same facts, except that it lays the date of entry as April 22, 1898.

The third cause of action alleges the same facts except the specific acts relating to the forcible entry; and then sets up that the defendants, on or about the 22d day of April, 1898, being then out of possession, unlawfully entered upon the premises and cabin, and that when plaintiff and its agents attempted to enter, the "defendants unlawfully and with their gun in hand, holding it in a threatening position, forbade plaintiff to enter upon said premises;" and have held and kept possession of said premises, and by force and intimidation have kept plaintiff from the possession thereof.

The fourth cause of action alleges the same facts, with the exception that the entry of the defendants is alleged to have been on April 22d, 1898, "while plaintiff, its agents and employees were temporarily absent from said premises," and that defendants have been in the actual

possession of the same ever since. That on April 28th, 1898, plaintiff served upon defendants a notice to surrender the premises, but that they refused and still refuse to do so; and that plaintiff has been "in the actual, peaceable, and undisturbed possession of said property for more than five days" immediately preceding the time of the unlawful entry on aforesaid day, and "for a long time prior thereto."

The fifth cause of action is exactly the same as the fourth cause of action, except that the date of service is alleged to have been on June 4th, 1898, instead of April 28, 1898.

Each cause of action alleged damages, and the complaint prays for treble damages, and for restitution of the property.

A general demurrer was filed to the whole complaint, and separately to each cause of action, alleging as ground for such demurrer that neither the complaint nor any cause of action states facts sufficient to constitute a cause of action against defendants. A demurrer that the complaint was ambiguous, unintelligible and uncertain was also interposed and at the same time a motion was made that the fifth cause of action be stricken out as immaterial and redundant. The motion to strike out was granted, and the demurrer sustained, and the plaintiff failing to amend its complaint, a judgment was rendered in favor of defendants, dismissing the action, and from that judgment and the orders entered the plaintiff appeals to this court.

We think the motion to strike out was properly granted. The exact date at which the notice to surrender the premises was given is wholly immaterial. Plaintiff was only required to aver and prove the specific fact that subsequent to the unlawful entry, and while the defendants were in possession, and prior to the commencement of

this action, a sufficient notice to surrender was given, and that a surrender by the defendants was refused for a period of three days after such notice was given.

Upon the demurrer, the respondent contends that it was the duty of the plaintiff, (it being a case where unsurveyed public coal lands of the United States are concerned) in addition to alleging that it had the right of and was entitled to and was in the peaceable and actual possession and occupancy of the premises, to also allege facts showing that plaintiff came within some provision of the laws of the United States entitling it to such occupation, or that it had complied with the enactments of our State legislature relating to possessory rights.

In this view we cannot concur. A plaintiff in an action of forcible entry and forcible detainer need never allege his estate or title to the premises, nor, with a few exceptions, is he required to allege his right of possession, because as a rule, against a defendant using physical force or fraud to effect an entry on or detain possession of real property, the law will conclusively presume that the actual occupant of real estate is lawfully possessed thereof, and will thus compel the person out of possession to establish his superior right in a proper place, before a proper tribunal, and in a legal and peaceful manner. As a rule, all that is required to be alleged by a plaintiff in such action is:

First: The facts and circumstances constituting the forcible entry or forcible detainer complained of, and,

Second: Either that plaintiff was peaceably in the actual possession of the premises at the time of the forcible entry, or in some cases, that plaintiff was entitled to the possession of the premises at the time of the forcible detainer. Rev. Stat. Sec. 3582. *Wilson* v. *Triumph Min. Co.* (decided May 14, 1899), 18 Utah, —.

But he is not required to set out the evidenciary facts upon which such allegations will be proven. Alleging ultimate facts is quite sufficient under our system of pleading. Thus, for instance, in this case, if the plaintiff merely alleged that he was in the actual and peaceable possession of the premises at the time of the forcible entry, it would be sufficient; but, because the premises described are public lands, he would be compelled to prove an actual enclosure of the premises so as to bring himself within the provisions of the Revised Statutes, Section 1967, or else such an occupancy and possession as would evidence a subjection of the entire premises to the will and control of plaintiff — *possessio pedis.* But, as expressed by Chief Justice Bartch, in the case of *Hinman* v. *Stowe* (9 Utah, 27: " The terms ' occupation ' and possession (*'possessio pedis'*) are not always used in their restricted sense. Possession may be, and usually is, evidenced by a substantial enclosure, by cultivation where the land is fitted, for that purpose, or by any appropriate use."

In other words, he would have to prove an actual, as contradistinguished from a constructive, possession of the entire premises; and of course an actual user and occupancy of any small portion or portions of large unenclosed area would not generally prove a *possessio pedis* of the entire premises, but in each case the extent and boundaries of the actual possession would be a question of fact to be determined under the particular evidence in such case. But should plaintiff feel unable to make such proof, he would still be entitled to maintain his action if he alleged the ultimate fact that at the time of the alleged forcible detainer he was in fact entitled to the possession of the premises described; and under that allegation in this case it would be sufficient and proper for plaintiff to prove that it is an association of qualified persons under the laws of

the United States who are actually in possession of a certain coal mine or mines, situated upon the described premises, and that aggregatedly at least $5,000 has been expended in working and improving such mines; for which reasons such occupants of the coal mines are entitled to a preference right of entry to six hundred and forty acres surrounding such mines, contained in legal subdivisions of land, as determined by the laws of the United States, and such preference right of entry would, pending the survey of such lands by the United States, constitute a constructive possession, and protect the occupant against forcible entry or forcible detainer. Nor does such protection prevent the general occupancy of public lands by the citizens of this state. In each case the complaint must contain an actual description of the land claimed, and if such description of public lands shall contain a greater area than that allowed by law to any person or association under any circumstances, and that therefore a court can determine from the complaint itself, and from matters of which it takes judicial notice, that a plaintiff cannot possibly have had actual possession, and could not under any circumstances have a legal right to possession of the premises described, then no conclusion or presumption of lawful possession in plaintiff would exist, and the complaint would be dismissed.

So also, if the court can determine from the pleadings, notwithstanding allegations to the contrary, that neither force could have been used nor fraud practiced against the rights of the plaintiff which could not exist in law, then it would not indulge in any presumption of actual or constructive possession, and would as promptly dismiss the complaint. But where a complaint, as in this case, alleges not only an actual possession and occupancy, accompanied by constant work upon an area of land to

which under certain circumstances the law will permit an association to have preference rights of entry, but also a right to the possession of such lands, then it will not be necessary for the plaintiff, in forcible entry and forcible detainer, to state specific acts upon which such actual occupancy or right to possession depends. That is a matter of proof, and not of pleading. Nor do any of the cases cited by counsel for respondent maintain such doctrine. The case of *Barnes* v. *Cox*, 12 Utah, 47, was an action of unlawful detainer, and this court then correctly held that in such actions "the plaintiff should allege the facts upon which he relies to show his right to the possession of the property." But actions of unlawful detainer presupposes the absence of fraud and force, as well as the existence of the relation of landlord or tenant. Under our statute none but a tenant of real property for a term less than life can be guilty of unlawful detainer. Hence, the plaintiff must aver and prove not only such an interest in the premises as would entitle him to immediate possession, but also that the pre-existing relations between plaintiff and defendant have terminated. In the case of *Rice* v. *West*, 33 Pac. Rep. 706, the only question before the court was as to the sufficiency of the allegations of entry by defendant. The allegations as to plaintiff's occupancy is not mentioned at all. No complaint is made in this case that the facts constituting the forcible entry or forcible detainer are not sufficiently set forth. All the other cases cited by counsel for respondent simply relate to the measures of proof required in this class of cases.

We are therefore of the opinion that the various causes of action in the complaint, set forth sufficient facts to constitute a cause of action, and that the court erred in sustaining the demurrer upon that ground. Nor do we think that upon the grounds specified the complaint is open to

attack by demurrer as being ambiguous, unintelligible and uncertain. Each cause of action is certainly easy of comprehension, and reasonably free from doubt, and under such circumstances a demurrer on the ground of ambiguity should be overruled. *Salmon* v. *Wilson*, 41 Cal. 595.

It is true that the aggregation of the different causes of action is somewhat confusing. It would seem that the facts stated in the various causes of action constitute but one forcible entry and one forcible detainer. But that is a matter that should be taken advantage of by motion to strike out the respective causes of action as immaterial and redundant, and cannot be reached by demurrer.

For these reasons we think the judgment of the lower court should be, and the same is hereby reversed, with instructions to set aside the judgment of dismissal, and to overrule the demurrer interposed by the defendants, giving to the latter an opportunity to answer the plaintiff's complaint.

BARTCH, C. J. and MINER, J., concur.