2008 UT App 418

**Ray HUNTING, Plaintiff, Appellee, and Cross-appellant,**

v.

**PIPE RENEWAL SERVICE, LLC, Defendant, Appellant, and Cross-appellee.**

**No. 20070657–CA.**

Court of Appeals of Utah.

Nov. 14, 2008.

William L. Reynolds and Daniel S. Sam, Vernal, for Appellant and Cross-appellee.

Phillip W. Dyer and Carey A. Seager, Salt Lake City, for Appellee and Cross-appellant.

Before Judges BENCH, DAVIS, and ORME.

OPINION

DAVIS, Judge:

¶ 1 Defendant Pipe Renewal Service, LLC (the LLC) appeals the district court's grant of summary judgment in favor of Plaintiff Ray Hunting on his unlawful detainer claim, as well as the court's later award of damages for unpaid rent. Hunting cross-appeals, arguing that the damages awarded him should have been trebled. We reverse the decision

of the district court and remand the case for further proceedings.

## BACKGROUND [1]

¶ 2 In December 1991, Hunting and his wife entered into a written lease agreement with Pipe Renewal Service, Inc. (the Corporation) for the lease of over twenty acres of land (the Property) for a period of fifty years. According to counsel for the LLC, in 2004 the Corporation created several other business entities, including the LLC, which was to be a managerial entity. Thus, checks to pay the lease began to be issued by the LLC rather than the Corporation, and Hunting accepted those checks without complaint.

¶ 3 In August 2005, Hunting sent a letter to the LLC to increase rent from $2,000 to $7,500 per month. The following month, after the LLC continued to pay only the $2,000 amount, Hunting served the LLC with a notice to pay rent or vacate. Five days later, Hunting filed his complaint against the LLC, seeking relief in accordance with the provision of Utah's forcible entry and detainer statutes, *see* Utah Code Ann. § 78–36–10 (2002) (current version as amended at Utah Code Ann. § 78B–6–811 (Supp.2008)).

¶ 4 In September 2006, Hunting moved for summary judgment and the LLC moved to dismiss. The district court determined that the lease agreement between Hunting and the Corporation was not relevant to the issue between the litigating parties and that the LLC had therefore "done nothing to contest [Hunting's] right to summary judgment or to create a genuine issue of material fact." Thus, the district court denied the LLC's motion and partially granted Hunting's motion, reserving the issue of Hunting's damages for a future hearing. The LLC filed a motion to reconsider, which the district court denied after a hearing. The LLC then filed a motion for summary judgment on the damages issue, which was denied. Hunting thereafter filed a Motion to Award Damages and Entry of Final Judgment, which the district court granted in part, awarding a judgment to Hunting for unpaid rent of $88,000, plus costs.

¶ 5 Both parties now appeal. The LLC argues that summary judgment was improper, that the district court should have required joinder of the Corporation, and that Hunting was entitled to, at most, only nominal damages. Hunting argues that the district court was statutorily required to treble his damage award to $264,000.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 The LLC argues that the court erroneously granted summary judgment in favor of Hunting. Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(c). "Because a summary judgment challenge presents only legal issues, we review the grant of summary judgment for correctness. We consider only whether the district court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Aurora Credit Servs., Inc. v. Liberty West Dev., Inc.,* 970 P.2d 1273, 1277 (Utah 1998) (citation omitted). In considering the district court's decision to grant summary judgment, we also " 'view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.' " *Id.* (quoting *Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993)).

¶ 7 Underlying its grant of summary judgment, the district court determined that a copy of the lease agreement submitted by the LLC was not relevant. " '[A] trial court has broad discretion to determine whether proffered evidence is relevant, and we will find error in a relevancy ruling only if the trial court has abused its discretion.' " *State v. Kohl,* 2000 UT 35, ¶ 17, 999 P.2d 7 (quoting

1. Our recitation of the facts follows the Utah Supreme Court's admonition that "a reviewing court should recite the facts in the light most favorable to the nonmoving party," *Estate Landscape & Snow Removal Specialists, Inc. v. Mountain States Tel. & Tel. Co.,* 844 P.2d 322, 324 n. 1 (Utah 1992) (emphasis omitted); *see also id.* ("Because we indulge all inferences and presumptions in favor of allowing the dispute to proceed to trial and consequently view the facts in the light most likely to create factual questions, we necessarily construe the facts against the party who bears the burden of proving that summary judgment was appropriate.").

*State v. Harrison,* 805 P.2d 769, 780 (Utah Ct.App.1991)).

## ANALYSIS

¶ 8 The LLC contests the grant of summary judgment in favor of Hunting in his unlawful detainer action. The unlawful detainer provision on which Hunting relies allows a claim by a landlord where a tenant "continues in possession . . . after default in the payment of any rent." Utah Code Ann. § 78–36–3(1)(c) (2002) (current version as amended at Utah Code Ann. § 78B–6–802(1)(c) (Supp.2008)). In arguing for summary judgment, Hunting asserted that "[the LLC] occupied and rented the Property from [him] on a month-to-month basis and paid monthly rent in the sum of $2,000." The LLC responded with a motion to dismiss, contesting Hunting's assertion that it had a month-to-month tenancy, providing a copy of the lease agreement between Hunting and the Corporation, and arguing that the $2,000 payments that it regularly made to Hunting were to fulfill the Corporation's obligation under the lease. The district court determined that the lease was "irrelevant as to the parties to this suit" and, accordingly, was not evidence that would create a material issue of fact precluding summary judgment. Thus, we must first address the relevance of the lease agreement.

¶ 9 The lease agreement between Hunting and the Corporation sets forth the rental amount and the method by which the rent may be increased. However, because this lease is an agreement between Hunting and the Corporation, only the Corporation is bound by the terms of the lease or may obtain the benefits of the lease. *See generally Holmes Dev., LLC v. Cook,* 2002 UT 38, ¶ 53 n. 6, 48 P.3d 895 ("It may be that [the two companies] have the same management and may be practically indistinguishable. However, the two are legally separate entities. . . . Therefore, we refuse to recognize them as the same entity for standing to sue on a contract."). Thus, the district court was correct that "[the LLC] is not party to that contract and [Hunting] is not obligated to deal with [the LLC] based upon the terms expressed therein." But it does not neces-

sarily follow that the lease agreement is irrelevant to Hunting's unlawful detainer action against the LLC.

¶ 10 The definition of relevant evidence is amply broad to include the lease agreement. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Utah R. Evid. 401. Here the issue of whether the payments by the LLC were a result of some obligation it owed directly to Hunting is a fact material to the unlawful detainer action. And the lease agreement, which tends to support the LLC's argument that it was only making the payments on behalf of the Corporation and had no obligation to make such payments on its own behalf, makes the existence of this fact less probable than it is without the evidence. Thus, the evidence meets the broad definition of relevant evidence and should have been considered by the district court.

¶ 11 Because the lease agreement between Hunting and the Corporation is relevant, we must now evaluate whether the lease agreement raises a disputed issue of material fact, which would prohibit the grant of summary judgment. As we mentioned above, the lease agreement, when seen in the light most favorable to the LLC, would indicate that the $2,000 monthly payments the LLC made to Hunting, perhaps as a managing entity acting on behalf of the Corporation, were simply to fulfill the obligation of the Corporation under the lease agreement and not evidence of any independent obligation flowing from the LLC to Hunting. This would necessarily mean that the LLC had no obligation to pay rent to Hunting and there was no tenancy agreement of any kind between the parties—a crucial issue for an unlawful detainer claim, *see Holladay Coal Co. v. Kirker,* 20 Utah 192, 57 P. 882, 884 (1899) ("[A]ctions of unlawful detainer presuppose . . . the existence of the relation of landlord or tenant. Under our statute none but a tenant of real property for a term less than life can be guilty of unlawful detainer. Hence, the plaintiff must aver and prove not only such an interest in the premises as

would entitle him to immediate possession, but also that the pre-existing relations between plaintiff and defendant have terminated."). Because this pivotal fact is disputed and there was evidence submitted by each party supporting its side, summary judgment was inappropriate. *See* Utah R. Civ. P. 56(c).

¶ 12 In light of our determination on the summary judgment issue, we need not address whether joinder of the Corporation was required. We do, however, note that the parties misinterpret the applicable provision of the unlawful detainer statute. That provision, at the time proceedings were commenced, read that "[n]o person other than the tenant of the premises, and subtenant if there is one in the actual occupation of the premises when the action is commenced, shall be made a party defendant in the proceeding." Utah Code Ann. § 78–36–7(1) (2002) (current version as amended at Utah Code Ann. § 78B–6–806(1) (Supp.2008)). The parties read this language, particularly the word "shall," as setting forth a list of persons who *must* be joined in an unlawful detainer action; however, when reading the clause as a whole, it becomes clear that the requirement is simply that no one *besides* any of those persons may be joined—providing for a prohibition on the inclusion of certain parties and not a requirement that all the parties that are allowed to be joined must be joined. Further, we agree with the district court that joinder of the Corporation would be "a good idea" under the facts of this case, but we also recognize that failure to join a party that may have been allowed as a defendant under the statute cannot alone provide reason for dismissal, *see id.* ("[N]or shall any proceeding abate, nor the plaintiff be nonsuited, for the nonjoinder of any person who might have been made a party defendant . . . .").[2]

## CONCLUSION

¶ 13 We determine that summary judgment was improper because in accordance with the relevant lease agreement, the LLC has shown that there exists a dispute of material fact as to whether the money the LLC paid each month was for rent on its own behalf under some sort of agreement it had with Hunting, or for rent on behalf of the Corporation, such that the LLC had no direct obligation to Hunting. We therefore reverse the grant of summary judgment in favor of Hunting and remand to the district court for such further proceedings as may now be appropriate.

¶ 14 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.

---

2. Because of our reversal on the summary judgment issue, the damage award must also be reversed. Thus, we need not address the parties' arguments regarding the LLC's liability for damages or rent, or the amount thereof.