## L. NAPOLEON LEVY *vs.* FISCHEL DAVID *et al.*

### NEWPORT—JUNE 11, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Forcible Entry.   Complaint under Oath.*

Under the provisions of Gen. Laws cap. 271, " Of forcible entry," the oath required by section 1 of said chapter is to be made by the complainant.

(2) *Separate Trials of Parties Defendant.*

*Semble,* a motion to grant separate trials to parties defendant is within the discretion of the trial judge, and his action in refusing the motion will not be overruled except in cases where it appears that a defendant has been prejudiced thereby.

FORCIBLE ENTRY AND DETAINER.   Heard on motion to quash proceedings, and motion granted.

STINESS, C. J.   Upon a complaint against the respondents and others for forcibly entering and detaining the Jewish synagogue in Newport, the complainants recovered a judgment in their favor against certain respondents, under Gen. Laws. cap. 271.

The case was heard before a single judge, sitting with a jury, and the defendants against whom the judgment was rendered bring the case before us on *certiorari.*

(1)   At the trial they moved to quash the proceedings upon the ground that the complaint did not conform to the statute, Gen. Laws cap. 271, § 1, which requires that a complaint shall be made in writing and under oath.   The complainants claimed title and possession, and neither of them made oath to the complaint, but the complaint was sworn to by Eugene Schrier, not a party to the cause.

The motion to quash and to dismiss the complaint was overruled, and the question now presented is whether this was erroneous.

Very few cases have arisen under this statute, and we are not aware that this question has ever been passed upon in this State.   Although this is an ancient remedy, it is based

upon considerations of public policy rather than upon settlement of individual rights, and is of statutory rather than of common law authority. Rules of construction are therefore largely dependent upon the terms of statutes, which vary in details. There is, however, a general agreement in holding that the remedy is of such a summary character as to require a complainant to bring himself strictly within statutory provisions. The question in this case is whether the complaint can be entertained when it is not under the oath of the complainant.

We think the words " When complaint shall be made in writing and under oath " imply that the oath is to be made by the complainant.

There are many places in the statutes where oaths are required. Some of these expressly require a complainant to make oath ; others simply say the complaint shall be on, or under, oath ; and others provide that the oath may be made by a complainant, or some one in his behalf.

The nature of the first two classes of cases, taken in connection with the alternative provision in the third class, leads us to the conclusion that the words used in the two former classes were regarded by the legislature as equivalents in meaning, and that when any other procedure was intended it was so specified in the statute.

We are not prepared to say that this conclusion applies to all cases, but we think it applies to cases of a criminal or *quasi* criminal character ; and the summary procedure in forcible entry and detainer is very nearly, if not actually, of the latter kind.

The following statutes appear to use the words " the complainant shall make oath " and " under oath " as interchangeable : Gen. Laws cap. 81, § 2. Of the maintenance of bastard children : " Upon the examination of any unmarried woman . . . alleging on oath in writing."

Chapter 102, sections 22, 23. Suppression of intemperance : " Here insert certificate of oath of complainant." Section 29 : " in writing under oath." Section 31 : " the complainant shall make oath."

Chapter 111, section 7.   Of dogs : " If any person shall have reason to believe that any dog will, out of such enclosure, do any injury to his person, family or property, and shall make complaint under oath thereof."

Chapter 229, section 4.   District courts, criminal jurisdiction : " shall examine such complainant under oath."

Chapter 288, section 16.   Of forfeiture, etc.: " The person making or directing such seizure, shall   .   .   .   make complaint on oath and in writing."

The following statutes provide for an alternative affidavit : Gen. Laws cap. 198, § 14.   Of masters, apprentices, etc.: " on complaint   .   .   .   on oath and in writing by the master, or by any one in his behalf."   Chapter 239, section 14.   Civil practice in district courts : " The defendant, or some one of the defendants, or some one in his or their behalf shall,   .   .   . make affidavit."   Chapter 240, section 4.   Pleading and practice, for temporary injunction : " the bill shall be sworn to by the complainant or some one in his behalf."

For writs, it is " the plaintiff, his agent or attorney shall make affidavit."

Proof of claim in insolvency " shall be made by a writing under oath by the creditor or his agent."

The particularity of expression for an alternative oath and the use of the terms above quoted in a way to imply that they mean the same thing, and, where they were used in the same statute and with reference to the same complaint, that they must mean the same thing, are sufficient to satisfy us that the complaint in this case was required to be under the oath of the complainant.

In *Stolberg* v. *Ohnmacht*, 50 Ill. 442, where the language of the statute, Stats. 1868, cap. 43, § 2, was " on complaint upon oath," it was held that the affidavit was the foundation of the jurisdiction, and that no valid summons could issue until it had been filed in conformity to the statute.   In that case, as in this, the defendant appeared and moved to dismiss the complaint.   The justice denied the motion, but the Cir-

cuit Court, on appeal, allowed it, and this ruling was sustained by the Supreme Court.

In Rev. Stat. Ill. 1874, cap. 57, § 5, the requirement of the oath was omitted, and, consequently, *Patterson* v. *Graham,* 140 Ill. 531, was to the contrary.

In *Newman* v. *Bird,* 60 Cal. 372, where the oath was made by an agent, it was sustained because of a special provision of the code allowing it.

As in our opinion the statute requires the oath to be made by the complainant, the process was not in conformity to the statute, and it is therefore void.

The proceeding must be quashed.

(2)    The exception to the refusal to grant separate trials is overruled.    It is a matter within the discretion of the trial judge, which will not be overruled except in cases where it appears that a defendant has been prejudiced thereby.    *State* v. *Ballou,* 20 R. I. 607.

We do not see that it could be any more prejudicial to the defendants in this case than in any case where there is more than one defendant.

It is to be presumed that the jury will determine rightly which of the defendants used force, and if they find any one guilty against whom there is no such testimony he has a remedy by a petition on the ground that the verdict is against the evidence as to him.

An order will be entered quashing the proceeding.

*James Tillinghast and William P. Sheffield,* for plaintiff.

*John C. Burke, Clark Burdick, and Max Levy,* for defendants.