## N. B. CHANCEY ET AL. V. J. W. ALLISON.

### Decided January 9, 1908.

**1.—Temporary Injunction—Dissolution—Appeal.**

Although the statute provides for appeal only from an order granting or dissolving a temporary injunction, it fairly appears that it was the intention of the Legislature to give the right of appeal from an order refusing to dissolve and continuing a temporary injunction in force; as well as from the original order granting such injunction.

**2.—Land—Trespass—Injunction.**

Injunction is a proper remedy to protect one in possession of land against acts of waste and injury to the property pending an adjudication of his title.

**3.—Injunction—Petition—Verification.**

The statute does not prescribe any particular form of affidavit to a petition for injunction, and when the petition is signed by the plaintiff and the jurat of the proper officer is appended certifying that it was subscribed and sworn to before him, the verification is sufficient.

Appeal from the District Court of Angelina County. Tried below before Hon. James I. Perkins.

*E. J. Mantooth* and *Martin Feagin,* for appellants.

*W. J. Townsend, Jr.,* for appellee.

PLEASANTS, CHIEF JUSTICE.—On the 16th day of July, 1907, appellee filed suit in the District Court of Angelina County against appellants to recover title to a tract of seven acres of land in said county, and to restrain appellants from forcible entry upon said premises and cutting the fences thereon and otherwise injuring and destroying the improvements thereon.

The petition alleges, in substance, that plaintiff is the owner of said premises and was in the peaceable and lawful possession thereof, and that defendants under some pretended claim of ownership were threatening to take forcible possession and to do physical violence to plaintiff; that said defendants had several times cut the fence which plaintiff had constructed around said premises and threatened to cut same as often as it should be repaired by plaintiff. The prayer of the petition was for recovery of the land and an injunction restraining appellants from committing the trespasses charged against them. This petition was presented to the judge of the court before named in chambers on the 18th day of

July, 1907, and the injunction prayed for was ordered to be issued. On July 25 defendants filed a motion to dissolve the injunction which had been theretofore issued and served upon them. They also answered plaintiff's petition by general demurrer and numerous special exceptions, and by cross-bill set up title in themselves to the land in controversy and prayed for its recovery. The motion to dissolve was heard by the judge on August 6, 1907, and overruled and the injunction continued in full force until the final hearing of the case. From the order overruling said motion appellants prosecute this appeal.

Both parties claim title to the land in controversy under Peter Morris as common source. The evidence upon which the trial judge acted in refusing to dissolve the injunction shows that the property had been in the possession of the appellant Johnson under a claim of ownership thereof for several years prior to June 8, 1907. About the first of June Johnson sold the premises to appellant Chancey. He moved out on June 8 and turned the place over to Frank Smith, who was to occupy it for appellant Chancey. Smith was on the place on the 9th of June and did some clearing up about the house preparatory to moving in a few days later. On the next day appellee purchased the property from the heirs of Peter Morris and at once took possession. The property was unoccupied at the time appellee took possession, but there is evidence showing that the house was locked and the entry therein was probably made by breaking the lock. After the appellee took possession he fenced all of the land, and this fence had been cut by the defendant Johnson prior to the institution of the suit and he had threatened to cut it as often as it might be repaired. It was further shown that Johnson was acting in the matter under the advice of the attorney for appellant Chancey and the latter was equally responsible for the trespass and the threats to continue to cut down the fence.

While the question of jurisdiction is not raised by the brief of either party, we have had some difficulty in reaching the conclusion that an appeal is allowed by the statute from an order overruling a motion to dissolve a temporary injunction. The statute provides in express terms only for an appeal from an order granting or dissolving a temporary injunction. When, however, the provisions of the statute giving the right of appeal in such cases, and providing the method of appeal, and the procedure in the Appellate Court are considered as a whole, we think it fairly appears that it was the intention of the Legislature to give the right of appeal from an order refusing to dissolve and continuing a temporary injunction in force, as well as from the original order granting such injunction. Act of 30th Leg., page 206. The statute is remedial and should be liberally construed, and it would in a great measure defeat the purpose and intent of the Legislature, as shown by the entire Act, to hold that the right of appeal will only lie from the original order granting a temporary injunction. Ordinarily, such injunctions are granted without notice to the adverse party and upon an ex parte hearing, and an appeal therefrom could only present the question of the sufficiency of the petition on general demurrer

and in most cases would be of no benefit to the defendant. We do not think the Legislature intended in providing for appeals from orders granting temporary injunctions to so restrict the right as to render it valueless in a. large number of cases, and this result would necessarily follow if the words used in the clause of the statute granting the right are confined to their strict literal meaning. We therefore conclude that the statute should be construed as giving the right of appeal from an order overruling a motion to dissolve a temporary injunction.

We think the facts alleged in the petition are sufficient to entitle plaintiff to the injunction and the trial court did not err in overruling the general demurrer. The plaintiff was in possession of the property under a claim of ownership, and pending the adjudication of his title he was entitled to be protected in his possession from the acts of defendants injuring and causing waste to the property. No other remedy could afford adequate protection against the alleged acts of the defendants and their threatened continuance. Sumner v. Crawford, 91 Texas, 129.

The objection that the petition was not properly verified is without merit. The statute does not prescribe any form of affidavit to a petition for injunction, and when the petition, as in this case, is signed by the plaintiff and there is appended thereto the jurat of a proper officer certifying that it was subscribed· and sworn to before him, the verification is sufficient.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*