GIBBONS v. ROSS et al. (No. 6704.)

(Court of Civil Appeals of Texas. Galveston. March 18, 1914. On Motion for Rehearing May 4, 1914.)

1. COURTS (§ 207*)—COURT OF CIVIL APPEALS —JURISDICTION—INJUNCTION.

Whenever it is necessary, in order to protect or enforce the jurisdiction of the Court of Civil Appeals, to preserve the status quo of the parties, such courts have jurisdiction to grant an injunction for that purpose.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 758; Dec. Dig. § 207.*]

2. JUDGMENT (§ 405*)—EQUITABLE RELIEF—IRREPARABLE INJURY.

Where plaintiff's tenant had dispossessed one of the defendants, who was a tenant of the other, from the premises in controversy, and the latter had secured a judgment in an action of forcible entry and detainer, in which action plaintiff's superior title could not be relied upon, plaintiff is not entitled to a temporary injunction, in a suit in trespass to try title, to restrain the writ of restitution in the forcible entry action, without a showing that the issuance of such writ would work irreparable injury to plaintiff, or at least greater injury than defendants would suffer by being restrained from enforcing the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 766, 767; Dec. Dig. § 405.*]

On Motion for Rehearing.

3. JUDGMENT (§ 408*)—EQUITABLE RELIEF—INSOLVENCY OF DEFENDANT.

Where it appeared that the defendant tenant, who was plaintiff in the former action, and who alone would be responsible for damages resulting from the enforcement of the judgment, although solvent, was not possessed of sufficient property to respond in damages for the rental value of premises during the pendency of the suit in trespass to try title, while the defendants could be secured against any loss by an injunction bond, the balancing of conve-

nience is in favor of the plaintiff, and a temporary injunction will be issued.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 772; Dec. Dig. § 408.*]

**4. JUDGMENT (§ 451*)—EQUITABLE RELIEF— DEFENSES—WRONGFUL ACTS OF PLAINTIFF.**

The fact that the plaintiff, in a suit in trespass to try title, had wrongfully entered upon the possession of the defendant, for which entry the defendant had secured a judgment in forcible entry and detainer, does not deprive the plaintiff of his right to a temporary injunction to restrain the enforcement of the forcible entry and detainer judgment; the rule of balancing of convenience in such a case being followed rather than the rule that he who comes in equity must come with clean hands.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 855; Dec. Dig. § 451.*]

Appeal from District Court, Galveston County; Robert G. Street, Judge.

Trespass to try title by J. T. Gibbons against J. H. Ross and others. From an order of the district court refusing plaintiff's prayer for a temporary injunction, plaintiff appeals. Reversed on rehearing, and judgment granting injunction rendered.

Hutcheson & Hutcheson, of Houston, for appellant. Maco & Minor Stewart, of Galveston, for appellees.

PLEASANTS, C. J. This appeal is from an order of the district court of Galveston county refusing appellant's prayer for a temporary injunction in a suit of trespass to try title and to remove cloud from title brought by appellant against the appellees. The land involved in the suit is described in the petition as a tract of "32 acres more or less, known and designated as lot 23 in subdivision C of the S. F. Austin and M. Muldoon grants of land in Galveston county, Texas, according to plat prepared by R. W. Lutterell for J. C. League in December, 1893." The defendants in the suit are J. H. Ross, Ira Bratton, and R. McGregor. In addition to the usual allegations in a suit of trespass to try title, the petition specially alleges facts relied on by plaintiff to show that the title asserted by defendants, who claim under a common source, is invalid; the facts so alleged being sufficient to defeat defendants' claim of title. The allegations of the petition, upon which the temporary injunction is sought, and the prayer for injunction are as follows:

"Plaintiff further represents to the court: That on or about the 5th day of August, 1913, the defendant J. H. Ross filed suit in forcible entry and detainer in the justice court of Galveston county, precinct No. 6, cause No. 198, on the docket of said court, wherein he complained against A. A. Kresse, of Galveston county, Tex., and sought possession of the aforesaid tract of 32 acres. That the defendant in that suit is, and was at the time of the institution of said suit for forcible entry and detainer, the tenant of this plaintiff under a lease contract of date July 15, 1913, said lease embracing the 32-acre tract herein sued for, and being for a period of 2 years from said date, and that during the pendency of said suit another suit of forcible entry and detainer involving the above property was filed against the said A. A. Kresse, tenant of the defendant, by Ira Bratton, as tenant of the defendant J. H. Ross, said suit being filed in the justice court of Galveston county, precinct No. 6, on or about the 1st day of October, 1913, and being cause No. 201 on the docket of said court. That the suit last mentioned was tried in the justice court, and from there appealed to the county court of Galveston county, Tex., and that judgment was rendered in said suit against the said A. A. Kresse, and in favor of the said Ira Bratton, for the possession of the 32-acre tract herein sued for, and that no appeal lies from said judgment of the county court by reason of the statutes of this state governing the remedy of forcible entry and detainer, and that the said Ira Bratton is about to secure the issuance of a writ of restitution in said cause to dispossess the said A. A. Kresse, tenant of this plaintiff, and this plaintiff now states to the court that he has good record title to said entire 32-acre tract and is the lawful owner thereof, and that none of the defendants have any title or right of possession whatever thereto, so that plaintiff's tenant is legally entitled to the possession thereof, but that, under the law of forcible entry and detainer, this plaintiff's title cannot be introduced in evidence for the purpose of showing the right of said A. A. Kresse to possession, and this plaintiff cannot intervene in such suits and assert his title, so this plaintiff is without remedy in the event his tenant be dispossessed therefrom, and his tenant would have a right of action against him for damages if so dispossessed, and the said J. H. Ross and Ira Bratton are insolvent, and could not respond to this plaintiff in damages, although the said A. A. Kresse has taken possession of the said 32-acre tract under his lease with this plaintiff, and has constructed on said tract valuable improvements, including two silos for the storing of grain and other products, and is now engaged in the business of running a dairy on said premises, and in the cultivation and use of same for agricultural purposes, especially in the growing crops for sale on the market, as well as for the use of his family and his business. That, should the said Kresse be dispossessed at this time, he would be deprived of the opportunity of running his dairy business and growing his crops before this plaintiff could recover the possession of said land in this proceeding of trespass to try title, and that this is the season of the year in which it is necessary to plow the ground and make same ready for the growing crops, all of which plaintiff's tenant would be unable to do, were he now dispossessed, so that plaintiff's tenant would suffer irreparable injury, as would this plaintiff himself, should said writ of restitution issue under the judgment in said action of forcible entry and detainer, and same therefore

---

should not issue, and plaintiff now calls upon the equity jurisdiction of this court for the issuance of an injunction restraining the said Ira Bratton and those under whom he claims from procuring or directing the issuance of a writ of restitution in said cause.

"Plaintiff further represents to the court: That the said Ira Bratton is now occupying a house located on the said 32-acre tract, and is asserting some sort of claim to 5 acres immediately surrounding said house, and is thereby interfering with the possession and use of plaintiff's tenant, and that he will continue to do so unless he be enjoined therefrom by order of this honorable court. That, because of the occupancy of said house by the said Bratton, plaintiff's tenant has been compelled to occupy and live in the upper story of the barn which shelters his dairy cows, and that plaintiff is unable to deliver to him the complete possession which he agreed to do under his contract, and will be unable to do so as long as the said Bratton continues to occupy the house and five acres surrounding same, but that plaintiff has no other remedy than to appeal to the equity jurisdiction of this honorable court to issue an injunction, directing the said Ira Bratton to cease the occupancy and use of said house, and its adjoining premises, and to in no way interfere further with the possession and use of the said A. A. Kresse to said entire 32-acre tract of land because, as hereinbefore set out, plaintiff had no right to set up his title in the suit of forcible entry and detainer brought by the said Bratton against the said Kresse, and so defeat the wrongful possession of the said Bratton.

"Wherefore plaintiff prays the court that an injunction issue forthwith against the said Ira Bratton, and those under whom he claims, enjoining them from procuring and directing the issuance of a writ of restitution under the judgment in said case of forcible entry and detainer, styled Ira Bratton v. A. A. Kresse, until this case is fully determined, directing the said Ira Bratton to cease occupancy of the premises embraced within said 32-acre tract now occupied and used by him, and that he in no manner interfere with the possession and use of the said 32-acre tract by the said A. A. Kresse."

This petition, which was sworn to by plaintiff, was presented to Hon. R. G. Street, judge of the district court of Galveston, on February 2, 1914. Upon consideration of the petition the judge granted a temporary restraining order enjoining the defendants from in any way disturbing or interfering with plaintiff's possession of the premises pending a hearing of the application for temporary injunction, which hearing was set for February 9, 1914.

On the day set for the hearing, the defendants appeared and filed answer containing general and special exceptions to plaintiff's petition, and special denials of most of the material allegations of the petition. They claim that the title to the land is in the defendant Ross, and specially deny under oath that plaintiff was in possession thereof and was ejected by defendants on July 1, 1913, as alleged in his petition. They aver in substance that defendant Ira Bratton was in possession of the land, holding same under a lease from the owner thereof, and, while so holding, plaintiff's tenant Kresse forcibly entered upon and took possession of a portion of said land; that said Bratton instituted a suit of forcible entry and detainer against Kresse and obtained judgment thereon, as alleged in plaintiff's petition. They specially deny that the said Bratton or the defendant Ross is insolvent, as alleged by plaintiff, and aver that Bratton is now the tenant of defendant Ross, who is the owner of said premises.

The application was heard upon the petition and answer and supporting affidavits introduced in evidence. Upon the hearing the court refused to grant plaintiff's application for temporary injunction, and dissolved the temporary restraining order theretofore granted. From this order plaintiff appealed to this court.

Upon application of plaintiff, after the jurisdiction of this court over the case had attached by reason of the appeal, we granted a temporary restraining order enjoining defendants from enforcing the forcible entry and detainer judgment pending the disposition of the appeal, but provided in said order that defendants would be granted a hearing on February 19, 1914, to show cause why the restraining order should not be continued in force until the final disposition of the appeal. On the day named the parties appeared by attorney; and, a motion to advance the hearing of the appeal having been filed in the meantime, it was agreed that hearing on appeal be set for February 26th, and the question of the power of this court to grant the temporary restraining order be submitted and heard with the appeal. No briefs have been filed by either party.

On submission of the cause upon oral argument, appellees' counsel raised no question as to the power of jurisdiction of this court to grant the temporary restraining order.

[1] While our Courts of Civil Appeals have no original jurisdiction to grant an injunction, whenever, in order to protect or enforce the jurisdiction of the court, it is necessary to preserve the status quo of the parties in their relation to the subject-matter of the appeal, such courts have jurisdiction to grant an injunction for that purpose. Hubbart v. Bank, 55 Tex. Civ. App. 504, 119 S. W. 712; Railway Co. v. Hornberger, 141 S. W. 311; High on Injunctions (1st Ed.) § 893. We think the issuance of the temporary restraining order was a proper exercise of the jurisdiction of this court.

After fully considering the record and the authorities presented by appellant, we have reached the conclusion that the trial court

did not err in refusing to grant appellant's prayer for a temporary injunction.

Appellant cites the cases of Texas Land Co. v. Turman, 53 Tex. 619, Johnson v. Railway Co., 141 U. S. 602, 12 Sup. Ct. 124, 35 L. Ed. 875, Summer v. Crawford, 91 Tex. 129, 41 S. W. 994, and Chancey v. Allison, 48 Tex. Civ. App. 441, 107 S. W. 605, in support of his contention that the facts established on the hearing required the trial judge to grant the injunction.

The facts of this case distinguish it from each of the cases cited. The Turman Case goes no further than to hold that one who had purchased at execution sale the title of the owner to real estate pending a suit of forcible entry and detainer brought by the owner against his tenant could, the tenant having attorned to the purchaser, protect the possession of the tenant by injunction until the question of title, which could not have been adjudicated in the forcible entry and detainer proceedings, could be determined. But the right to injunction recognized in that case was based upon allegations of the insolvency of the defendant. The substance of the holding is thus stated in the opinion: "Under the authority of the principles announced in these decisions, if the Texas Land Company purchased the title of Turman to the rented premises under execution against him pending the lease to Wilson, it is not perceived why the company, particularly if they could not intervene in the suit of forcible detainer, should not, by injunction in the district court, stay the proceedings before the justice of the peace until the question of title could be determined; it having been alleged that Turman was insolvent and could not respond in damages." The trial court in that case dissolved the temporary injunction upon the coming in of the answer denying under oath the allegations of the petition, and this ruling was affirmed by the Supreme Court.

In the Johnson Case the suit was brought by the railway company against the defendant Johnson to restrain him from attempting to take possession of a portion of plaintiff's railroad under a writ of restitution issued in a suit of forcible entry and detainer brought by Johnson against the railway company. The facts in the case were that Johnson had constructed a portion of the railroad under a contract with the railway company, by which he was entitled to hold possession of the railroad so constructed by him until he was paid the contract price for such construction. The company failed to pay him for the construction of the road according to its contract, and after the road was finished took forcible possession thereof and began to operate its trains thereon. Thereupon Johnson brought an action of forcible detainer to regain possession of the road. Pending the trial of this case Johnson and the railway company agreed in writing on the amount due him by the company,

but the amount was not paid by the company, and Johnson prosecuted his forcible detainer suit to judgment, and was about to procure the issuance of a writ of restitution thereon. The plaintiff railway company then brought suit for injunction and tendered into court the full amount due Johnson according to the agreement before mentioned, with interest thereon. The trial court adjudged that, upon the payment by plaintiff of an additional sum of $1,000 to cover expenses incurred by Johnson in preparing to take possession of the road and the payment of all cost of the forcible detainer proceedings, Johnson should be perpetually enjoined from executing the judgment in his favor for the possession of the road. This judgment was affirmed by the Supreme Court on the ground that Johnson's right to the possession of the road was only for the purpose of securing the amount due him for constructing it; and this amount, as fixed by the agreement of the parties, being tendered by plaintiff and awarded him by the judgment, together with the costs and expenses incurred by him in the proceedings in the forcible detainer, he had no right to the possession of the road, and therefore should not be allowed to enforce the judgment in the forcible detainer suit. The judgment appealed from in that case was a judgment upon final hearing, and finally disposed of all the issues between the parties. We think it clear that this decision is not authority for the issuance of a preliminary injunction in the present case.

The injunction in the Chancey-Allison Case was granted to protect the property in controversy from injury and waste caused by the acts of the defendant. We think the difference between that case and the case presented by this record is clear. While the plaintiff in the Chancey Case obtained his possession by entering upon the premises and breaking the lock to the house situate thereon, the premises were in fact unoccupied at the time he entered. If, however, the manner of his entry be regarded as a forcible invasion of defendant's prior possession, that fact would not deprive the plaintiff, who showed a prima facie title and claimed to be the owner, of the right to protect the property from the wrongful acts of the defendant in cutting the fences thereon and thereby injuring and causing waste to said property.

[2] The evidence in this case is sufficient to sustain the finding that appellant's tenant Kresse, with the knowledge and consent of appellant, forcibly invaded the possession of defendant Bratton, who was holding under a lease from his codefendants, who claimed to be the owners of the property. To regain the possession thus forcibly wrested from him, Bratton did not pursue the course followed by Chancey, in the case above cited, and commit or threaten any act of violence, but appealed to a court of law and obtained a judgment restoring to him the possession of which he had been forcibly deprived. The

validity of this judgment is not questioned. In these circumstances appellee's right to enforce this judgment of restitution should not be prevented by the issuance of a preliminary injunction, in the absence of a showing that the enforcement of the judgment would work irreparable injury to appellant, or at least greater injury to him than defendants would suffer by being restrained from enforcing said judgment. This rule of "balance of convenience" is thus stated by Mr. High in his work on Injunctions (2d Ed.) par. 13: "Where the legal right is not sufficiently clear to enable a court of equity to form an opinion, it will generally be governed in deciding an application for a preliminary injunction by considerations of the relative convenience and inconvenience which may result to the parties from granting or withholding the writ. And where, upon balancing each consideration, it is apparent that the act complained of is likely to result in irreparable injury to complainant, and the balance of inconvenience preponderates in his favor, the injunction will be granted. But where, upon the other hand, it appears that greater danger is likely to result from granting than from withholding the relief, or where the inconvenience seems to be equally divided as between the parties, the injunction will be refused and the parties left as they are until the legal right can be determined at law. Where a clear case of irreparable injury is shown as likely to result to complainant unless the injunction is granted, and it does not appear that the issuing of the writ will work any such injury to defendants, the relief will be granted."

The allegation of insolvency of the defendants was expressly denied by the defendants, and the trial court, upon the showing made, was fully justified in finding against said allegation. This being the fact, it might work as great an injury to defendants to deny them the right to enforce their legal remedy to regain possession of property, which had been forcibly taken from them by the plaintiff, as the withholding of the injunction would cause plaintiff, and in these circumstances, under the rule above stated, the injunction should be denied.

It may be conceded that our injunction statute has liberalized the rule of equity that forbids the issuance of an injunction in any case in which the applicant therefor has an adequate remedy at law, and as said by our Supreme Court in the case of Summer v. Crawford, supra: "In courts administering both law and equity, * * * the rules denying an injunction, when there is a remedy at law, should not be applied as rigidly as at common law, where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal." But the issuance of a preliminary injunction is an equitable, as distinguished from a legal, remedy, and such writ should not be issued unless, in the opinion of the

chancellor, more injury would likely result from refusing than from granting the writ. It follows from these conclusions that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.

## On Motion for Rehearing.

[3] Upon a re-examination of the affidavits contained in the record, we have reached the conclusion that we erred in our former opinion herein in holding that the evidence sustained the finding that appellee Ira Bratton, in whose favor the judgment in the suit of forcible entry and detainer was rendered, and who alone can procure the enforcement of said judgment and could be held responsible for the damages plaintiff would suffer thereby, is solvent in the sense that he could be made to respond to the damages plaintiff would likely suffer by the enforcement of said judgment. The affidavits as to his solvency only show that his "net worth" is $300. Giving the fullest effect to these affidavits, they only justify the conclusion that he has property over and above his indebtedness of the value of $300. It is not shown of what the property consists, nor whether it is exempt from forced sale.

The verified petition shows that the rental value of the premises is $500 per year, and if, as a matter of fact, defendant Bratton has property subject to execution of the value of $300 plaintiff, pending a final trial of his suit, which in all reasonable probability could not be had within a year, would, if he established his title to the property, lose at least a considerable portion of the rents due therefor. On the other hand, by requiring plaintiff to give a bond in the sum of $1,000, the defendant Bratton can be protected from any loss that he is likely to sustain by an injunction restraining the execution of the judgment in the forcible entry and detainer suit. Such being the facts under the rule of "balance of convenience" followed in our former opinion, plaintiff is entitled to have the enforcement by said defendant of a writ of restitution in the forcible entry and detainer suit enjoined pending an adjudication of the question of title, unless the fact that plaintiff wrongfully entered upon the premises, which at the time of such entry was in the possession of defendant Bratton, will deny him the right to the equitable remedy of injunction.

[4] We do not think the equitable rule that "he who seeks equity must come with clean hands" requires that, in every case in which a plaintiff has been guilty of wrong, he must be denied any protection by a court of equity. It seems to us that the modern rule of "balance of convenience" stated in our former opinion, and which has been recognized and enforced by the higher courts of this state in injunction proceedings, when in a particular case it conflicts with the rule first stated, should be followed rather than

the rule which denies any protection to one who has himself done wrong. This is evidently the spirit of the rule of "balance of convenience" and is more in harmony with the ever-widening principles of equity jurisprudence. We think the cases cited and discussed in our former opinion support this application of the rule to the facts of the instant case.

It follows from these conclusions that the motion for rehearing should be granted, and our former judgment herein set aside; and it has been so ordered. It is further ordered that the judgment of the court below, denying appellant an injunction against appellee Bratton, be reversed, and judgment here rendered; that upon appellant's giving a bond in the sum of $1,000, payable and conditioned as required by law and approved by the clerk of the trial court, a writ of injunction shall issue from said court restraining appellee Ira Bratton from enforcing or attempting to enforce, pending the final trial of this suit, the judgment in the forcible entry and detainer suit described in plaintiff's petition. That portion of the judgment refusing a mandatory injunction ousting appellee Bratton from that portion of the premises in controversy now occupied by him is affirmed.