## LIPSCOMB et al. v. BUTLER.

### No. 8601.

Court of Civil Appeals of Texas. San Antonio.

Jan. 14, 1931.

Rehearing Granted and Cause Reversed and Remanded Feb. 18, 1931.

E. P. Lipscomb, of San Antonio, for appellants.

Geo. M. Clifton, of San Antonio, for appellee.

COBBS, J.

This suit by appellee was to enjoin appellants from ejecting appellee from the rented premises which he occupied at 3409 North St. Mary's street, in the city of San Antonio, on account of nonpayment of rent.

The case was tried by the court without a jury, who found in favor of appellee, as follows:

"I find as a fact that the plaintiff, E. Butler was on October 11, 1930, and for some time prior thereto, a tenant of the defendant E. P. Lipscomb, and that the said plaintiff prior to said date was indebted to the said defendant for rents on the premises occupied by Butler and in controversy in this suit and that the defendant Lipscomb was indebted to the plaintiff for work and services and that on said October 11, 1930, plaintiff and defendant had a settlement of accounts and that the tenant Butler was given a receipt for payment of all rents up to November 21, 1930, and that all debts for services claimed by plaintiff against said Lipscomb were cancelled and paid.

"I find as a fact that plaintiff Butler while a tenant of defendant Lipscomb had constructed a workshop on the premises in controversy in this suit with the agreement and understanding that such improvements so constructed were to remain the property of said Butler with the right of removal thereof.

"I find as a fact that plaintiff Butler and defendant Lipscomb had some verbal negotiations relative to the value of the workshop in which plaintiff was asking the sum of $150.00 for the workshop of defendant Lipscomb, that following such negotiations defendant Lipscomb wrote a letter to plaintiff Butler in which he offered or proposed the value of said workshop to be seven month's rental of the premises in controversy, which proposal I find the fact was by plaintiff Butler accepted."

This contract was based upon correspondence between the parties. The court also found that by erecting the workshop on the premises appellee paid his rental up to June 21, 1931, and is entitled to peaceable possession of said premises up to that time.

The contract is based upon the letter appellant wrote during the negotiations in an effort to settle the rent, in which he offered or proposed the value of said shop to be seven months' rent of the premises in controversy. To this letter appellee replied: "I accept your offer of seven months rent for my building."

We think the case was fairly tried and justice administered, and the judgment is affirmed.

### On Motion for Rehearing.

SMITH, J.

As will be seen from the original opinion, the trial court found that appellant and appellee entered into a contract whereby the latter acquired the right to continue in peaceable possession of premises he had previously rented from appellant, until June 21, 1931. This finding appears to have been based upon the following correspondence passing between the parties:

"Mr. E. Butler,
"3409 N. St. Mary's St.,
"San Antonio, Texas
"Dear Sir,
"I have done at least $150.00 worth of law work for you, that I probably will never receive any pay for. I have also advanced $32.00 for the bankruptcy proceeding against the American Pecan & Nut Company. I may never get this back. Under the circumstances, I do not think you ought to expect any more for the workshop than seven (7) months rent.
"Yours very truly, E. P. Lipscomb."

"Mr. E. P. Lipscomb:
"I accept your offer of Seven Months Rent for my building on your lot at 3409 N. St. Mary. This does not include Work Benches or spray Porchies or tables or Loose lumber this credit of Rent is to begin after all other accounts are paid in full by cash or Rent Receipts this is as agreed by us on Nov. 3rd.
"Elvin Butler."

Appellant emphatically denied receiving appellee's letter, last above quoted.

■ It seems perfectly obvious that this correspondence, standing alone, does not constitute a contract, for, even if appellant's letter to appellee can be construed into a definite offer, which is at least doubtful, appellee's reply certainly does not constitute an unconditional acceptance of that offer, since by its own terms it is made expressly subject to apparently material and substantial exceptions, or conditions. This correspondence is not aided by parol testimony, for the parties had reached no prior oral agreement and did not thereafter discuss among themselves the matters in controversy. There was no further correspondence, except that, according to appellant's testimony, he wrote appellee a few days later, offering the latter $50 to vacate the premises, and in the absence of further negotiations, instituted distress proceedings against appellee, which were enjoined in the present action. The record is quite barren of any evidence that the parties reached any sort of oral agreement, either before or after the correspondence, and the judgment must be reversed on that account, if for no other.

■ This action is one in equity to restrain appellant from prosecuting a pending distress proceeding to oust appellee from rented premises. There is no allegation or evidence that appellant is insolvent, or that appellee has no adequate remedy at law to protect him against the alleged wrongs he complains of. In short, there is nothing in the record to warrant an injunction restraining appellant from pursuing the legal remedies provided by statute for the settlement of controversies between landlord and tenant, as appellant was

doing when enjoined therefrom. If he elects and wrongfully pursues such remedy, and appellee should be thereby injured, the law affords the latter ample means of redress, without the necessity of resort to equity.

Appellants' motion for rehearing will be granted, the judgment reversed, the injunction dissolved, and the cause remanded for further proceedings not inconsistent with this opinion.