## BEXAR COUNTY et al. v. STEWART.

### No. 8698.

Court of Civil Appeals of Texas. San Antonio.
June 24, 1931.

Rehearing Denied July 22, 1931.

D. F. Davis, Grover C. Morris, and Arthur V. Wright, all of San Antonio, for appellants.

Walter Stout, of San Antonio, for appellee.

FLY, C. J.

This is an appeal from an interlocutory order granting a temporary injunction against Bexar county, D. F. Davis, county attorney, W. A. Wurzbach, county judge, and E. H. Talbert, justice of the peace of precinct No. 6, Bexar county. It is alleged in the petition of appellee that the county had filed an action of forcible entry and detainer as to a certain parcel of land and that such suit was now pending before the justice of the peace of precinct No. 6. Appellee prayed that the county attorney and justice of the peace "be restrained from holding a proceeding of forcible entry and detainer in the justice's court and in any other manner disturbing plaintiff in his peaceful possession."

The action of forcible entry and detainer is statutory and fully defined. It gives a full hearing before the justice of the peace and provides for appeals to higher courts. An ample remedy at law is provided, and appellee failed to show any legal right of which he was being deprived. The doctrine as to interference with a legal action through an equitable writ is forcibly stated by Pomeroy, §§ 1361 and 2059, Equity Jurisprudence, as follows: "The principle is well established, and is universal in its application, that when a cause belongs to the jurisdiction of the law courts, equity will never interfere to restrain the prosecution of the action, nor to stay proceedings on the judgment or execution, *upon any mere legal grounds*, although it may be demonstrated that the complainant in equity (generally the defendant at law) had a valid legal defense, which was not made available either through the error of the court in determining the law or the facts, or the omissions of himself or his counsel in presenting it, or in obtaining the evidence by which it could have been supported."

A bill in equity must state in clear and unmistakable terms the grounds for equitable relief. The petition shows a lawful action entered against appellee and the law provides for a defense to it. The justice of the peace has jurisdiction of the cause, and if dissatisfied with his judgment appellee can appeal to another court. A recent case involving similar facts was decided by this court through an opinion by Associate Justice Smith, and had it been followed the writ of injunction would not have issued to interfere with the orderly administration of law in a court of competent jurisdiction. Lipscomb v. Butler (Tex. Civ. App.) 35 S.W.(2d) 742.

No question of title was involved in the trial of the action of forcible entry and detainer, except as it might be inextricably mixed with the right of possession. The petition of appellee showed no right or title to the land, and no effort to violate any law was alleged. The allegations, on the other hand, tended to show that appellee was in unlawful possession of the land.

The writ of injunction would become a destructive force if it be used to deprive courts of their legal authority and jurisdiction and lose its distinctive trait of a remedial writ, issued only to meet emergencies and grant relief from wrong and oppression. When the law provides machinery for the enforcing of rights and preventing wrongs and such machinery is being operated without wrong or oppression in the orderly manner prescribed, a court of equity will not interfere. If a case of forcible entry and detainer can be rendered nugatory and ineffective, without any wrong being alleged or proved, any case in any court can be rendered useless and ineffective by the loose unwarranted issuance of writs of injunction. Equity has grown to its present splendid perfection out of the soil of human necessity, and to hold its honorable position must be used as a means of preservation and not as an impediment to the enforcement of a righteous law.

The judgment will be reversed, the injunction dissolved and set aside, and the cause dismissed.

### On Motion for Rehearing.

The case of Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 17, in which the opinion was

rendered by the Galveston Court of Civil Appeals, is easy to distinguish from the case now under consideration. The case of forcible entry and detainer had been tried in the justice's court and had been appealed to and decided in the county court against a party who had an action of trespass to try title to the land pending, and his opponent had no property and could not respond in damages. No action of trespass to try title is pending in connection with the land to be affected by a judgment in the justice's court. No judgment has been rendered in that court. We cannot anticipate that it will be against appellee. There are no circumstances tending to show that appellee's rights are imperiled. He may not be ousted from his land and he is not seeking to enforce the title to his land. The title is not involved. The county of Bexar is not insolvent, and appellee has no claim against it. The ills against which appellee seeks to guard himself in a court of equity are purely speculative and imaginary. The facts of the Galveston case do not fit this case, nor is any fact alleged tending to show that they will ever fit it.

The motion for rehearing is overruled.