## SPEED et al. v. CHAS. LYON CO. et al.
### No. 2959.

Court of Civil Appeals of Texas. El Paso.
March 1, 1934.

Whitaker & Peticolas, of El Paso, for appellants.

McBroom & Clayton, of El Paso, for appellees.

PELPHREY, Chief Justice.

This suit was filed in the El Paso county court at law by appellee, a partnership, against J. M. Speed, R. F. Stockard, and Abe Ignater, seeking to recover the sum of $202.11, the alleged value of goods, wares, and merchandise sold to appellees. Speed and Stockard filed the following pleading:

"Now come J. M. Speed and R. F. Stockard, Defendants in the above entitled and numbered cause, having heretofore been served with citation to appear and file this, their plea of privilege, severally, showing to the Court as grounds therefor, the following:

"I. The defendants, J. M. Speed and R. F. Stockard, the parties claiming such privilege, were not at the time of the institution of this suit, nor at the time of service of process thereon, nor at the time of filing this plea, residents of El Paso County, Texas, the County in which this suit is instituted and is now pending.

"II. The County of the residence of these Defendants at the time of the institution of this suit, at the time of the service of process thereon, at the time of these pleadings, as well as at the time of filing same, is Midland County, Texas.

"III. That no exception to the exclusive venue in the County of one's residence, as provided by Articles 1995 or 2390, Revised Statutes of 1925, or any other law, exists in said cause.

"IV. Wherefore, premises considered, Defendants, J. M. Speed and R. F. Stockard, pray this Court to sustain their pleas of privilege, and transfer this cause to Midland County, Texas.

"J. M. Speed
"Roy Stockard.

"The State of Texas, County of Midland

"Before me, the undersigned authority, on this day personally appeared J. M. Speed and R. F. Stockard, each of whom being by me first duly sworn, deposes and says: He is fully cognizant of the facts and statements heretofore set out, and every fact contained therein is true and correct. J. M. Caldwell, Notary Public, Midland Co., Tex.

"Sworn to and subscribed before me on this the 25th day of April, A. D. 1933. J. M. Caldwell, Notary Public, Midland County, Texas."

The above pleading was filed on April 26, 1933, and on May 5, 1933, appellee filed its motion to strike same from the records on the ground that it was not verified, as required by law, and for a default judgment against the three defendants.

On May 6th the trial court sustained the motion to strike and rendered default judgment against Speed and Stockard, jointly and severally, for $202.11; appellees having theretofore dismissed as to Ignater.

Appellants filed, on May 18th, their motion to set aside the judgment striking their plea of privilege and the default judgment against them. This motion contained a prayer that they be permitted to file an amended plea of privilege.

The trial court on June 7, 1933, set aside the judgment by default, but overruled the motion to set aside its judgment striking the plea of privilege.

To this action appellants excepted and have appealed therefrom.

Opinion.

Appellants' two propositions are:

"Where the defendants signed the Plea of Privilege at the bottom thereof, the signatures being pre-fixed to the affidavit which is followed by the jurat of the officer certifying that it was subscribed and sworn to by them, the affidavit is in substantial compliance with the law."

"Where the Defendants tendered an Amended Plea of Privilege duly sworn to, correcting the defect, if any, in the original Plea of Privilege, it was error for the court to refuse to consider it."

It will be seen that the primary question to be decided is as to the sufficiency of the plea of privilege. Article 2010, Revised Statutes, provides that an answer setting up that a suit is not commenced in the proper county shall be verified by affidavit.

Article 2007, reads: "A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county

in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause.' * * *"

From the above it will be seen that the plea here filed was not entitled to consideration as a plea of privilege unless the facts set forth therein were verified by affidavit.

To "verify" a pleading by affidavit means, as said in 49 C. J. § 824, p. 583: "A verification as here used is a statement under oath that the pleading is true. Ordinarily it forms no part of the pleading, but is a separate and distinct proceeding taken for the purpose of verifying the truth of the statements made in the pleading."

Judge Townes, in his work on Texas Pleading, said, at page 298: "To verify a pleading is to state, in writing, signed by the affiant and under the sanction of an oath taken before some competent officer, that the matters of fact in the pleadings are true. This statement is usually attached to the pleading and must, in all cases, clearly identify it or such portions of it as the affidavit applies to. The verification may extend to the contents of the whole instrument or only portions and, in each instance, it should clearly indicate what part of the pleading, whether all or less, is sworn to."

Subdivision 18 of article 23, Revised Statutes, reads: " 'Affidavit' means a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer authorized to administer oaths, and officially certified to by such officer under his seal of office."

The statute makes the signature of the affiant an essential part of affidavits. Anderson v. Cochran, 93 Tex. 583, 57 S. W. 29.

The Texas case nearest in point to the case at bar is that of Magee v. Palm (Tex. Civ. App.) 233 S. W. 321, in which Chief Justice Fly, speaking for the San Antonio Court, held that a pleading in which the signature of the party was prefixed to the affidavit, instead of following it, was a sufficient verification.

See, also, Chancey v. Allison, 48 Tex. Civ. App. 441, 107 S. W. 605; Smith v. Benton, 15 Mo. 372.

We think it clear that the plea was signed by Speed and Stockard in connection with the verification thereof, and that their failure to sign following the affidavit was inadvertent, and should not vitiate their plea. There was no purpose to be served in their signing the pleading except to swear to the facts therein contained. The jurat of the notary together with the certificate contained in the affidavit show that the parties subscribed and swore to the facts.

The right to be sued in the county of one's residence is a valuable one and should not be taken away by virtue of technicalities.

We, therefore, have reached the conclusion that the trial court erred in striking out the plea of privilege, and that the judgment must be reversed and the cause remanded to be tried on the issues raised by the controverting affidavit.

Reversed and remanded.