KING v. HANCOCK.

No. 32435. Oct. 15, 1946.

Rehearing Denied Nov. 12, 1946.

*173 P. 2d 944.*

J. Cal Counts, of Oklahoma City, for plaintiff in error.

Paul F. Showalter, of Oklahoma City, for defendant in error.

PER CURIAM. This action was commenced by Hayden K. Hancock, hereinafter called plaintiff, against Edward J. King, the defendant, in the justice of the peace court before Mildred Boyer, and on appeal was tried de novo in the district court, where a judgment was rendered for the plaintiff, and defendant appeals.

The record discloses that the defendant was in possession of premises involved on December 19, 1944, when the plaintiff acquired the same from the prior owner by warranty deed; that on the 8th day of December, 1944, he went to the premises and that defendant was present; that sometime after December 19, 1944, he again went to the premises and the defendant was again present. Plaintiff states that on both occasions he informed the defendant that he had in contemplation the use of the premises as a home for plaintiff, his wife, and three children. Under date of January 13, 1945, a certificate required by the Office of Price Administration was delivered to the plaintiff and a copy of the certificate was sent to the defendant by the United States mail. This certificate advised the plaintiff that there was no reason why the premises should not be vacated in accordance with the state law, but provided that the owner should not commence an action for possession until three months after January 2, 1945. Thereafter, on February 5, 1945, plaintiff delivered to the defendant a written notice. It is not necessary to set out the terms of this notice other than to state it advised the defendant of the purchase of the property and that the plaintiff wanted possession of the premises on or before the 10th day of March, 1945.

On the 10th day of April, 1945, the defendant sent a money order for $27.50, the amount of monthly rent, to the plaintiff by registered mail and plaintiff accepted this money order and cashed the same. On the 10th day of May defendant mailed a money order for $27.50 to the plaintiff by registered mail with return receipt requested. This

registered letter contained a notice that the same was for rent from May 10th until June 10th. This letter was opened by plaintiff and the money order immediately returned by United States mail, registered letter, return receipt requested. Defendant never claimed this letter. On April 3, 1945, the plaintiff served the following notice on the defendant:

"Thirty Day Notice To Vacate

"To———————

"You are hereby notified to leave, quit and deliver up possession of the following described premises in Oklahoma County, State of Oklahoma, to-wit:

"1545 Northeast 45th Street, Oklahoma City, Oklahoma for the reason landlord seeks in good faith possession for his own use and occupancy. Rental period April 10, 1945 to May 10, 1945 at the rate of $27.50 per month and to vacate on or before the 10th day of May, 1945, on which date your tenancy of above described property terminates.

"Dates this 3rd day of April, 194—.

"|s| Hayden K. Hancock
"Landlord"

For a reversal of the cause defendant argues first that the notice of February 10, 1945, was ineffective and abandoned by the plaintiff by accepting the rents thereafter. Second, that the second notice is insufficient in form and ineffective for the reason that the statute, 41 O.S. 1941 §4, requires that said notice be addressed to the tenant.

We think it unnecessary to determine the effect of the first notice, or the payment of rent and the disagreement about the money order thereafter. The second notice is sufficient. This notice contains everything required by the statute unless we hold that the statute requires the name of tenant to appear therein. Defendant asserts that this court has held that the notice must be addressed to the tenant. There is no such phrase contained in the statute. It is as follows:

"Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less; but where in any case rent is reserved, payable at intervals of less than thirty days, the length of notice need not be greater than such interval between the days of payment."

In a fact situation differing in some respects but nevertheless pertinent the California Court, in Humboldt Oil Co. v. Hoagland, 70 Cal. App. 451, 233 P. 404, held that a call for a meeting required by the statute to be in writing and addressed to the secretary did not have to name the secretary.

Unless a definite statutory form is prescribed no special form is indispensable, and any demand is sufficient if the person to whom it is given understands, if of common understanding, what is demanded, and by whom. 22 Am. Jur. p. 935; Wilson v. Campbell, 75 Kan. 159, 88 P. 548, 121 Am. St. Rep. 366, and cases cited at page 403.

A notice is sufficient where there is a substantial compliance with the statute, and any error is to be disregarded where in the notice the tenant is apprised of the premises sought to be recovered and the date of the expiration of the tenancy. Wilson v. Williams, 197 Okla. 191, 169 P. 2d 305.

Under the facts and circumstances of this case, considering that the trial court was justified in finding that on the 8th of December, 1944, and soon after December 19, 1944, the defendant was apprised of the fact that the plaintiff wanted the premises for himself and his family; that thereafter a notice was served on the 10th day of February, 1945; that he received a copy of the certificate from the Office of Price Administration, and considering all the facts and circumstances with relation to the payment of rent after the serving of the notice on February 10, 1945, we are convinced that the defendant was not misled in any manner by the failure of the notice of April 3rd to contain his name.

The plaintiff has requested judgment upon the supersedeas bond. We are of

668

the opinion, and hold, that under the doctrine announced by this court in Kerr v. McKinney, 69 Okla. 88, 170 P. 685, and Montgomery v. Eufaula Motor Co., 170 Okla. 32, 38 P. 2d 573, judgment should not be rendered by this court but that the action for judgment should be maintained in the trial court.

The plaintiff in error, King, also argues that his testimony that he was entitled to hold possession of the property for one year after August, 1944, under a verbal contract with former owner is uncontradicted, and that for that reason he is entitled to a reversal. But, the trial was to the court without a jury and the trial court was the judge of the credibility of the witnesses and the weight of the testimony. King testified that he had several conversations with Hancock, and that he knew Hancock was buying or had bought the property and wanted possession, but he did not advise Hancock of the verbal contract for a year, and first mentioned it at the trial. The court probably thought the testimony as to the existence of a verbal lease was inherently improbable in view of King's failure to advise Hancock of his claim to such a lease. We are unable to say that the court was in error in this regard. Koehn v. Fluman, 191 Okla. 71, 126 P. 2d 1002; Meyers v. Caruthers, 83 Okla. 131, 200 P. 212.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.