239 P.2d 731

**KUYKENDALL v. ULIBARRI.**

No. 5401.

Supreme Court of New Mexico.

Jan. 9, 1952.

Edwin L. Felter, Santa Fe, for appellant.
Harry L. Bigbee, Santa Fe, for appellee.

LUJAN, Chief Justice.

During the month of March, 1932, the plaintiff, by verbal agreement, leased to the defendant certain agricultural lands situated in Rio Arriba County, upon the terms and conditions that the defendant should pay unto the plaintiff as rental therefor one-half of the hay crops and one-fourth of the row crops produced thereon, payable annually at harvest time. It was also agreed that the defendant should farm, plant and harvest said crops in a good and husbandlike manner and that he would perform such ditch work as was necessary to perfect plaintiff's water rights. By virtue of said agreement the defendant went into possession and occupation of the demised premises.

The defendant having failed and refused to pay the rent agreed upon from September 30, 1945 to September 30, 1949, the plaintiff instituted this suit for restitution and possession of the premises.

The terms of the verbal lease were alleged in the complaint. It was also alleged: "That on the 5th day of October, 1949, plaintiff was lawfully entitled to possession of said lands and premises hereinabove described, and being so lawfully entitled to possession thereof as aforesaid; the said defendant on the day and year and at the county aforesaid, unlawfully and with force entered into and upon said lands and unlawfully held over, detained and held possession thereof, and such defendant still detains, holds over and holds possession thereof against the plaintiff, after default in the payment of the rent and breach of covenant, pursuant to the lease and agreement under which said property is held, and without the permission of the plaintiff; by reason whereof the plaintiff has already sustained damages in the sum of Five Thousand ($5,000.00) Dollars as aforesaid; that defendant is guilty of a forcible entry and detainer."

The defendant filed an answer to the complaint as follows:

"That the plaintiff is not now and has not been at any material time hereto entitled to the possession of the premises described in plaintiff's complaint.

"Defendant states that the plaintiff was not in possession of said premises at any time during the month of October, 1949.

"Defendant alleges that he is now and has at all material times hereto been entitled to possession of the premises described in plaintiff's Complaint."

The answer then sets up the following legal defenses:

"(1) That the Complaint fails to state a cause of action.

"(2) That the Complaint fails to state facts upon which relief may be granted.

"(3) That this Court is without jurisdiction."

The court after hearing argument of counsel, on the legal defenses, made and entered the following order, which, omitting the formal part thereof, reads:

"Wherefore, It Is Hereby Ordered, Adjudged And Decreed That plaintiff's Complaint be and the same is hereby dismissed without prejudice for the following reasons; at the cost of defendant, to-wit:

"1. That said First Amended Complaint of the plaintiff is not properly verified as prescribed by the laws of the State of New Mexico.

"2. That no proper affidavit conferring jurisdiction of the above entitled cause upon the District Court was filed pursuant to statute.

"3. That plaintiff's First Amended Complaint does not allege a proper Notice to quit to the defendant and said First Amended Complaint is therefore fatally defective.

"4. That plaintiff's First Amended Complaint does not properly state a cause of action in unlawful detainer."

From the order dismissing his complaint the plaintiff prosecutes this appeal. The parties will be referred to as they appeared in the court below.

Legal defenses Nos. 1 and 2, and the court's ground No. 4, are without merit.

■ We are of opinion and so hold that the complaint sufficiently states a cause of action against the defendant in unlawful detainer and it is not open to attack. The terms of the lease were alleged, and also the period during which the defendant had been in default in the payment of the rent prior to the date of demand. It was also alleged that the plaintiff was lawfully entitled to possession of the premises and being so lawfully entitled to possession of the premises the defendant unlawfully held over, detained and held possession thereof against him, after default in the payment of rent; then proceeds to aver an unlawful entry by force; but this could not constitute a charge on the last ground, since the element of lawful possession prior to the unlawful entry is not only wanting but would be excluded by the averment that the defendant went into possession of the

premises by virtue of the agreement and lease. Whatever language there may be in the complaint not required in a proceeding on the first ground, may be rejected, and the case must be considered as one for unlawful detainer. The case of Heron v. Kelly, 48 N.M. 123, 146 P.2d 851, relied upon by the defendant does not apply to the present case so far as this proposition is concerned.

The court's ground No. 3 is likewise without merit.

The complaint alleged "that on a certain day, to-wit, the 30th day of September, 1949, at said county, demand in writing was duly made by plaintiff of said defendant for, and requiring the payment, said rent then due, amounting to the said sum of Four Thousand ($4000.00) Dollars, or the possession of said demised property, but said defendant neglected and refused for the space of three whole days and upward, after demand so made as aforesaid, and still neglects and refuses, to pay said rent, or surrender possession of said premises."

Section 38–904 of the 1941 Compilation, provides: "Before suit can be brought in any except the first of the above classes, three [3] days' notice to quit must be given in writing to the defendant."

It was only necessary for the plaintiff to aver and prove that subsequent to the unlawful detainer, and while the defendant was in possession, and prior to the commencement of the action, a sufficient notice to surrender was given, and that a surrender by the defendant was refused for a period of three days after such notice was given. This the plaintiff did. Wilson v. Williams, 197 Okl. 191, 169 P.2d 305; King v. Hancock, 197 Okl. 666, 173 P.2d 944; Holladay Coal Co. v. Kirker, 20 Utah 192, 57 P. 882; Hitchcock v. McKinster, 21 Neb. 148, 31 N.W. 507. The allegation, in the complaint on this point was a substantial compliance with the statute, Heron v. Kelly, supra.

We now come to the court's ground No. 2.

Before a suit in forcible entry and detainer or unlawful detainer can be instituted in the district court, an affidavit must be made showing that the reasonable rental value of the premises is fifty dollars or more per month. Section 38–901 of 1941 Compilation, provides: "Sixth. In all cases where the rent contracted for amounts to fifty dollars [$50.00] or more per month or where the owner of the premises, or some one in his behalf makes an affidavit showing the reasonable rental value of the premises to be fifty dollars [$50.00] or more per month, then said suit may be brought in the district court of the county in which the property is located, and said court shall

have concurrent original jurisdiction of said cause. * * *" (Emphasis ours.)

The complaint alleged: "That pursuant to the terms of said agreement and lease there became and was due on the 30th day of September, 1949, from said defendant to plaintiff, for the rent of said premises for four (4) years, to-wit, from the 30th day of September, 1945, to the 30th day of September, 1949, one half (½) of the hay crops and one fourth (¼) of the row crops produced upon said premises during said four years, amounting to the minimum sum of Four Thousand ($4,000.00) Dollars or One Thousand ($1,000.00) Dollars per year; that the reasonable rental value of said premises is and was for all material times in excess of Fifty ($50.00) Dollars per month."

■■ These averments manifestly bring the case within the jurisdiction of the court. Where the jurisdiction of the court depends upon the amount in controversy, the complaint as a whole is to be examined to determine whether or not jurisdiction exists. The officer before whom the complaint was taken certified that Edwin L. Felter, attorney for the plaintiff, swore that he knew and understood the contents of the complaint and that the statements therein made were true to the best of his own knowledge, except those statements that were made upon information and belief and as to those he believed them to be true, and followed that with the certificate: "Sworn and subscribed to before me etc."

■ The foregoing section does not prescribe any form of affidavit, nor does it require the owner of the premises to make the same, any one in his behalf may do so. A full and formal affidavit is not essential under Section 38–901, supra, to confer jurisdiction in the district court. The complaint sworn to is sufficient to do so. Kendrick v. Polk, Tex.Civ.App., 225 S.W. 826; Speed v. Chas. Lyon Co., Tex.Civ.App., 69 S.W.2d 147; Miller v. Caraker, 9 Ga. App. 255, 71 S.E. 9; Chancey v. Allison, 48 Tex.Civ.App. 441, 107 S.W. 605; Loeb v. Smith, 78 Ga. 504, 3 S.E. 458.

We come now to the most serious question presented in this case. The amended complaint in forcible entry and detainer sworn to by Edwin L. Felter, as attorney for the plaintiff. 1941 Comp., Section 38–905 provides that "the complaint of the plaintiff must be made upon oath." This language seems to imply a verification by the plaintiff himself. In 36 C.J.S. under Topic Forcible Entry and Detainer, § 45, p. 1181, the text states: "In the absence of statute so providing, no verification of the complaint is necessary, but, where the statute requires verification, a failure to comply renders the complaint fatally defective according to some authorities, while other

authority is to the effect that such failure does not render the complaint void, and that, in the absence of objection where defendant goes to trial as though the complaint were duly verified, the complaint will be deemed sufficient after judgment. The verification must be made by complainant in the absence of some special statutory provision authorizing verification by some other person."

In support of the statement of the holding of "other authority" contained in the quotation, next above, the author cites one of our own decisions, Puckett v. Walz, 41 N.M. 612, 72 P.2d 623. The opinion in that case cites the earlier case of Sanchez v. Luna, 1 N.M. 238. The case of Levy v. David, 24 R.I. 249, 52 A. 1080, holds the complaint must be verified in compliance with a statutory requirement; otherwise, it is fatally defective and fails to confer jurisdiction on the court to proceed. We think that Sanchez v. Luna, supra, and Puckett v. Walz, supra, commit us to a more liberal doctrine than that enunciated in Levy v. David, supra, to the extent, at least, of holding that an unverified complaint in forcible entry and detainer, or one not properly verified, where no objection upon that ground is interposed until after judgment, does not compel a holding that the entire proceeding is void and a complete nullity.

Inasmuch, however, as objection to verification by another than the plaintiff himself is made the very basis of the trial court's action in holding the complaint bad, its ruling is proper and must be sustained. The plaintiff was given an opportunity to amend by supplying a proper verification but declined and stood upon the trial court's ruling and the consequent dismissal of the amended complaint. The judgment must be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and COORS, JJ., concur.